SECURITIES COMM. OF IND. ETC., PARKER,
SECY. OF STATE, ETC. *v.* HOLOVACHKA.

[No. 29,219. Filed February 21, 1955.]

---

*Edwin K. Steers,* Attorney General, and *Carl Humble,* Deputy Attorney General, for appellant.

*Albert H. Gavit,* of Gary, for appellee.

LEVINE, J.—This appeal is from a judicial review of a "cease and desist order of the Securities Commission of Indiana," against the appellee, Metro M. Holovachka, in the matter of "further sale, solicitation, and offer to sell securities to-wit: said contracts evidencing rights to receive Barrett Law Bonds and other monies paid in payment of public improvement assessments . . . ."

Appellee contends that he was tried without charges, as required by §§63-3005, 63-3006, Burns' 1951 Replacement. The law provides that where an "agency" makes an investigation and gives notice of a hearing, the "notice shall set forth therein a sufficient statement of the matters of fact or law to advise such person of the matters in issue and to be heard or determined by said agency . . . . Said statement may be informal and need not conform to the requirements of a pleading in court." Section 63-3006, Burns' 1951 Replacement, *supra.* It is contended by the appellee, as one of the grounds for judicial review, that no such statement or

bill of particulars of charges was furnished him. A search of the transcript, page 84 to page 87, inclusive, shows objection made to proceedings because no such statement was furnished him. The statute, §63-3014, Burns' 1951 Replacement, provides for a judicial review of any order made by such agency, by filing a verified petition with the circuit or superior court of the county in which such person resides. This was done.

There can be little question that the requirement of charges and a hearing tie in together. The right to a hearing includes the right to know and meet the charges. We do not find where appellants filed or presented any charges against appellee. His own statements, made at a preliminary hearing, do not constitute charges against him. There could be no hearing without charges, and there was no finding of facts. In *Morgan* v. *United States* (1938), 304 U. S. 1, 22, 82 L. Ed. 1129, 1134, 58 S. Ct. 773, 778, the court said:

> "The maintenance of proper standards on the part of administrative agencies in the performance of their quasi-judicial functions is of the highest importance and in no way cripples or embarrasses the exercise of their appropriate authority. On the contrary, it is in their manifest interest. For, as we said at the outset, if these multiplying agencies deemed to be necessary in our complex society are to serve the purposes for which they are created and endowed with vast powers, they must accredit themselves by acting in accordance with the cherished judicial tradition embodying the basic concepts of fair play." *Stoner* v. *Howard Sober, Inc.* (1954), 124 Ind. App. 581, 118 N. E. 2d 504.

We feel that there should have been specific charges preferred against the appellee, and a hearing pursuant to those charges, and a finding of facts. §63-3006,

Burns' 1951 Replacement, *supra; Stoner* v. *Howard Sober, Inc., supra.*

The final order cannot serve as an order and as a finding of facts—they are separate and distinct—it is in the nature of a judgment, not a finding as required by statute. Sections 63-3010, 63-3011, Burns' 1951 Replacement.

Under §54-112, Burns' 1951 Replacement, which applies to orders of the Public Service Commission, which statute is similar to the one herein considered, except that findings can refer to the particular charges made in the complaint, the court held that a utility which appealed from an order of the Public Service Commission is entitled to a special finding of facts. *Kosciusko County, etc.* v. *Public Service Comm.* (1948), 225 Ind. 666, 674, 77 N. E. 2d 572, 575. Unless there is a special finding of facts by the agency, in the judicial review it would be necessary for the court to substitute itself for a jury and determine the facts from evidence. The court said in the last-cited case:

> "Without such a finding to support the order in question we could not uphold this order on account of such evidence, even though we might be of the opinion that this evidence was sufficient. 'This court cannot take the place of a jury.' *Securities Exchange Com.* v. *Chenery Corp.*, 318 U. S. 80, 63 S. Ct. 454, 87 L. Ed. 626. . . . These facts should be found specially and not generally. The findings must be specific enough to enable the court to review intelligently the Commission's decisions. *Atchison, T. & S. F. Ry. Co.* v. *Commerce Commission* (1929), 335 Ill. 624, 167 N. E. 831."

In view of our conclusion, it is not necessary to determine whether the instruments in question were securities as defined in the Indiana Securities Act.

(Acts 1937, Ch. 120, §3, p. 656; §25-831, Burns' 1948 Replacement.)

Judgment affirmed.

Gilkison, C. J., and Achor, Bobbitt, and Emmert, JJ., concur.

NOTE.—Reported in 124 N. E. 2d 380.