**J. Michael SKIVER, Appellant–Defendant,**

v.

**BRIGHTON MEADOWS, Appellee–Plaintiff.**

No. 02A03–9110–CV–325.

Court of Appeals of Indiana, Third District.

Feb. 10, 1992.

Daniel E. Serban, Timothy L. Claxton, Shambaugh, Kast, Beck, & Williams, Fort Wayne, for appellant-defendant.

HOFFMAN, Judge.

Appellant-defendant J. Michael Skiver appeals the small claims court's decision in favor of appellee-plaintiff Brighton Meadows.

One issue is raised for review: whether Brighton Meadows was precluded from recovering damages from J. Michael Skiver (Skiver) for breach of the rental agreement when an itemized list of damages had not been given to Skiver pursuant to IND. CODE § 32–7–5–15 (1991 Supp.).

On April 12, 1990, Skiver entered into a lease agreement with Brighton Meadows wherein he agreed to lease the premises for a period of twelve months beginning May 1, 1990. The agreement required him

---

to pay $5,640.00 payable in monthly installments in the amount of $470.00, which amount was subsequently reduced by addendum to $430.83, and give the landlord a security deposit of $250.00. Skiver further delivered an additional $100.00 as a pet security.

In November 1990, Brighton Meadows filed suit against Skiver claiming that Skiver had "breached the agreement and is indebted to the Plaintiff as follows: back rent: $4,230.00, damages to the rental unit: $——, attorney fees ... $1,000.00." Brighton Meadows requested judgment against Skiver for $3,000.00, the jurisdictional amount in small claims court.

After a hearing on this matter, the court determined that Skiver had moved in June 1990, paying only $100.00 for June and nothing thereafter. Skiver was unable to relet the premises until March of 1991. Therefore, there was eight months rent due plus the remainder of the rent for June 1990. The court awarded Brighton Meadows a judgment of $2,650.00 ($3,000.00 minus Skiver's security deposit of $350.00). Additionally, the court found "[p]laintiff claims no physical damage to the premises and consequently did not submit a 45 day letter to the defendant pursuant to the provisions of I.C. § 32–7–5–1, et. seq."

This chapter of the Indiana Code, § 32–7–5–1 et seq. (1991 Supp.), entitled "Security Deposits," is the issue in this appeal. The chapter applies to all rental agreements. IND.CODE § 32–7–5–1 (1991 Supp.). It provides that when a rental agreement is terminated, the security deposit must be returned unless it is to be applied to the payment of accrued rent, damages that the landlord has or will reasonably suffer by reason of the tenant's noncompliance with law or the rental agreement, or to unpaid utility or sewer charges. . IND.CODE § 32–7–5–12 (1991 Supp.). When the security deposit is being retained due to any of the above circumstances, the landlord must send a written notice to the tenant, itemizing the above obligations, within 45 days after termi-

nation of the rental agreement and delivery of possession. *Id.*

Security deposits are permitted to be used for the following purposes:

"(1) To reimburse the landlord for actual damages to the rental unit or any ancillary facility that are not the result of ordinary wear and tear expected in the normal course of habitation of a dwelling.

(2) To pay the landlord for all rent in arrearage under the rental agreement, and rent due for premature termination of the rental agreement by the tenant.

(3) To pay for the last payment period of a residential rental agreement where there is a written agreement between the landlord and the tenant that stipulates the security deposit will serve as the last payment of rent due.

(4) To reimburse the landlord for utility or sewer charges paid by the landlord that:

(A) are the obligation of the tenant under the rental agreement; and

(B) are unpaid by the tenant." IND. CODE § 32–7–5–13 (1991 Supp.)

The next section of the code then requires:

"In case of damage to the rental unit or other obligation against the security deposit, the landlord shall mail to the tenant, within forty-five (45) days after the termination of occupancy, an itemized list of damages claimed for which the security deposit may be used as provided in section 13 of this chapter[.]" IND. CODE § 32–7–5–14.

In this case, the landlord, Brighton Meadows, kept the security deposit for accrued rent due to Skiver's premature termination of the rental agreement as allowed in section 13 (IND.CODE § 32–7–5–13). However, Brighton Meadows failed to comply with the subsequent section of the code, IND.CODE § 32–7–5–14, which required Brighton Meadows to send Skiver an itemized list of damages for which the security deposit was being applied as provided in

section 13. In other words, Brighton Meadows was required to send Skiver a letter itemizing the accrued rent due to his premature termination of the rental agreement. This error compounds since the next section of the code, IND.CODE § 32–7–5–15, prevents a landlord from claiming any damages and requires the landlord to remit the security deposit if the itemized letter of damages is not sent to the tenant 45 days after termination of occupancy. Therefore, since Brighton Meadows did not provide Skiver with a list of the damages claimed under section 13, in this case the unpaid rent, Brighton Meadows may not now collect this amount. Furthermore, Brighton Meadows must return Skiver's security deposit in full.

Reversed.

STATON and RUCKER, JJ., concur.