Cathy DURF, Appellant–Defendant,

v.

Harold MOLTER and Doris Molter, Appellees–Plaintiffs.

No. 25A03–0505–CV–218.

Court of Appeals of Indiana.

Dec. 30, 2005.

---

Tom A. Black, Plymouth, for Appellant.

## OPINION

HOFFMAN, Senior Judge.

Appellant–Defendant Cathy Durf ("the Tenant") appeals from the small claims court's order awarding Appellees–Plaintiffs Harold and Doris Molter (collectively "the Landlord") $1,950.00 for damages to the rental property.

The Landlord and the Tenant entered into a lease agreement for $650.00 per month in rent plus a $650.00 security deposit. The Tenant failed to pay her rent on October 1, 2004. On October 11, 2004, the Landlord gave the Tenant a five-day written notice of eviction. On October 13, 2004, the Tenant sent a letter to the Landlord stating that she would not vacate the premises for thirty days. In that letter, the Tenant provided the Landlord with the address where the Tenant would be living after vacating the leased premises. On October 18, 2004, the Landlord filed a notice of claim and affidavit for possession of real property.

On November 1, 2004, a hearing was held and the court ordered the Tenant to vacate the premises. The Tenant vacated the premises on November 8, 2004. When the Tenant vacated the leased premises there was some wear and tear to the residence.

On March 28, 2005, a bench trial was held on the Landlord's notice of claim and on the Tenant's counter-claim for the refund of her security deposit. On April 12, 2005, the court entered judgment in favor of the Landlord for $3,000.00 plus costs. The court found for the Tenant on her counterclaim in the amount of her security deposit, $650.00 plus attorneys fees of $400.00. The court then set off the judgments leaving the Landlord with a $1,950.00 award.

The Tenant filed a notice of appeal on April 28, 2005. The Landlord filed a motion for proceedings supplemental on May 12, 2005. On June 6, 2005, the Tenant filed a motion to stay proceedings pending appeal.

## STANDARD OF REVIEW

■ The Landlord has not filed an appellee's brief in this matter. When an appellee does not submit a brief, an appellant may prevail by making a prima facie case of error, a less stringent standard. *Lewis v. Rex Metal Craft, Inc.*, 831 N.E.2d 812, 816 (Ind.Ct.App.2005). Prima facie, in this context, is defined as at first sight, on first appearance, or on the face of it. *Id.* The prima facie error rule protects this court and relieves it from the burden of controverting arguments advanced for reversal, a duty which properly remains with counsel for the appellee. *Id.*

■ The Tenant lost, in part, below. When reviewing an appeal from a negative judgment we must determine whether the judgment is contrary to law. *Mileusnich v. Novogroder Co., Inc.*, 643 N.E.2d 937,

939 (Ind.Ct.App.1994). A judgment is contrary to law when the evidence is without conflict and leads to but one conclusion which is contrary to that reached by the trial court. *Id.* In determining whether a negative finding is contrary to law, we will neither reweigh the evidence nor reassess the credibility of the witnesses. *Id.* We will reverse a judgment only if the evidence is without conflict and leads but to one conclusion, which is the opposite of that reached by the trial court. *Id.*

## TERMINATION OF RENTAL AGREEMENT & SECURITY DEPOSITS

■ When discussing the landlord-tenant statute regarding return of security deposits, now codified at Ind.Code § 32–31–3–15, a panel of this court stated as follows:

> The landlord must provide a tenant with written notice of the damages within forty-five days of the termination of the rental agreement and delivery of possession. The tenant must provide the landlord with a mailing address in which to deliver this notice. If the landlord fails to comply the tenant is entitled to return of the entire security deposit and reasonable attorney fees...The failure to comply with the notice of damages requirement constitutes an agreement by the landlord that no damages are due.

*Mileusnich*, 643 N.E.2d at 940–41.

■ The undisputed facts show that the Tenant provided the Landlord with her future address once she vacated the leased premises. The Tenant was ordered to vacate the premises and did so on November 8, 2004. The Landlord admitted at the bench trial that an itemized list of damages was not tendered to the Tenant within forty-five days of the termination of occupancy by the Tenant. Therefore, the

trial court correctly determined that the Tenant was entitled to the return of the full security deposit, $650.00, and attorney fees of $400.00. Ind.Code § 32–31–3–15 establishes that the failure by a landlord to provide the itemized notice of damages under Ind.Code § 32–31–3–14 constitutes an agreement that no damages are due, and that the full security deposit must be returned.

However, the trial court erred by offsetting the award of the security deposit and attorney fees, by the damages proven by the Landlord. The Landlord was required to comply with Ind.Code § 32–31–3–15 by itemizing and estimating repairs of damage, and tendering the list and any remaining security deposit within forty-five days of the termination of occupancy by the Tenant. This notice requirement must be met before the Landlord can recover not only those damages recoverable under Ind.Code § 32–31–3–13 regarding the use of the security deposit, to cover actual damages, rent arrearages, or utility or sewer charges, but also the "other damages" referred to in Ind.Code § 32–31–3–12(c).

The Landlord's compliance with the statutory notice requirement preserves his right to recover the "other damages" to which he is entitled. *See Miller v. Geels*, 643 N.E.2d 922, 925 (Ind.Ct.App.1994). The matter of the security deposit refund, if any, should be resolved first, and is a prerequisite for pursuing claims for other damages in excess of the security deposit, or not addressed in Ind.Code § 32–31–3–13. If the required notice is not given, the landlord has implicitly agreed that there are no other damages to collect. *Miller*, 643 N.E.2d at 926.

In the present case, once the Landlord admitted that the notice of damages had not been tendered to the Tenant, the Landlord was required by statute to remit the full security deposit, and was foreclosed from seeking to recover for other damages in excess of the amount and type covered by the security deposit.

## CONCLUSION

The trial court correctly found that the Landlord's non-compliance with the notice of damages statute entitled the Tenant to a full refund of the security deposit plus attorney's fees. However, the trial court erred by allowing the Landlord to recover for damages covered by the security deposit and in excess of the security deposit. Non-compliance with the notice of damages statute precludes recovery of other damages by the Landlord.

Affirmed in part, reversed and remanded in part.

BARNES, J., and MATHIAS, J., concur.