Stan KLOTZ, Appellant–Plaintiff,

v.

Sarah HOYT and Chrissy Kornmann, Appellees–Defendants.

No. 18A02–0707–CV–556.

Court of Appeals of Indiana.

Feb. 25, 2008.

David J. Karnes, Dennis, Wenger & Abrell, P.C., Muncie, IN, Attorney for Appellant.

Alan K. Wilson, Muncie, IN, Attorney for Appellee Sarah Hoyt.

## OPINION

BAKER, Chief Judge.

Tenant-landlord disputes are all too common. Here, two tenants undisputedly stopped paying rent after the first one and one-half months of their lease, did a substantial amount of damage to the inside of the residence, and abandoned the residence without informing the landlord or leaving their respective forwarding addresses. The tenants are contractually obligated, by virtue of their valid and binding lease, to repay the back due rent and late fees notwithstanding the landlord's compli-

ance with statutory requirements governing the handling of security deposits. And, in any event, we find that the landlord herein *did* comply with all relevant statutes.

Appellant-plaintiff Stan Klotz appeals the trial court's dismissal of his complaint for breach of lease against appellees-defendants Sarah Hoyt and Chrissy Kornmann.[1] Klotz contends that the trial court erroneously concluded that he was not entitled to rent and damages because he allegedly failed to provide an itemized list of damages to Hoyt and Kornmann within the forty-five-day statutory timeframe. Finding that Klotz was not required to comply with the forty-five-day timeframe to be entitled to back due rent payments and that, for the purpose of damages and the security deposit, he *did* comply with the relevant statutes, we reverse the judgment of the trial court and remand with instructions to enter judgment in Klotz's favor in the amount of $6,000.

## FACTS

Klotz owns property (the Residence) in Muncie. On June 5, 2006, Hoyt and Kornmann executed a lease (the Lease), pursuant to which they agreed to rent the Residence from Klotz. The Lease commenced on July 1, 2006, and terminated on June 30, 2007. Among other things, Hoyt and Kornmann agreed to pay monthly rent in the amount of $600 and a daily fee of $10 for late rent until the payment was made and acknowledged that they would be jointly and severally liable for the obligations under the Lease. Upon executing the Lease, Hoyt and Kornmann paid Klotz a $600 security deposit.

Hoyt and Kornmann made a timely rent payment for the month of July 2006 and paid one-half of the rent due in August 2006. After that, no further rent payments were made. Apparently, the tenants were unable to get along with each other, got into repeated fights, and caused numerous reports to be generated. At some point, Hoyt and Kornmann abandoned the Residence, though they left personal possessions, including their furniture, behind. It is undisputed that neither tenant notified Klotz in writing that they were vacating the premises, though Hoyt testified that she informed Klotz that she intended to leave and not to return. Tr. p. 38. There is no evidence that Klotz was informed that Kornmann had also abandoned the Residence.

On November 8, 2006, Klotz attempted to notify Hoyt and Kornmann in writing of his intention to begin eviction proceedings because, among other things, they had failed to make any rent payments since August 2006. Klotz received no response to his letters. On January 29, 2007, Klotz filed a complaint seeking immediate possession of the Residence and damages in the amount of approximately $10,000. On February 20, 2007, the trial court evicted Hoyt and Kornmann and ordered them to vacate the Residence by 6:00 p.m. on that day. Also on February 20, 2007, Hoyt filed a petition for the return of her damage deposit and personal property remaining in the Residence, arguing that inasmuch as more than forty-five days had passed since she had been evicted and she had not received an itemized list from Klotz as required by statute, she was entitled to the return of her security deposit and personal property. The court set a hearing on back rent and damages for March 16, 2007.

After recovering possession of the Residence on February 20, 2007, Klotz inspected the premises and secured estimates for

---

1. Kornmann did not file an appellee's brief.

repairing the damage done by the tenants. Among other thing, Klotz had to repair damaged drywall, trim, and siding, replace broken windows, repaint certain areas of the Residence, and clean the carpet. He testified that those damages totaled $2,848.94. Klotz also had to pay the tenants' overdue electric bill. At the March 16, 2007, hearing, Klotz provided Hoyt and Kornmann with an itemization of the damage to the Residence.

At the hearing, Klotz testified that Hoyt and Kornmann owed rent in the amount of $6,300 and late fees of $2,270. The total damages sought by Klotz, including back rent, late fees, and damages, totals nearly $12,000, which exceeds the jurisdictional amount of $6,000 in small claims court.[2] Thus, Klotz agreed to waive damages over and above $6,000.

Hoyt and Kornmann admitted that they had failed to pay rent after August 2006, that they had failed to notify Klotz when they vacated the premises, and that they had failed to provide him with their respective forwarding addresses. They also admitted damaging the Residence and testified that the Residence was not uninhabitable and that they had not had any problems with Klotz as their landlord. On April 13, 2007, the trial court entered an order summarily dismissing Klotz's claim and ordering Klotz to return the security deposit. Klotz now appeals.

## DISCUSSION AND DECISION

The underlying facts in this case are not in dispute. Inasmuch as we are called upon to answer pure questions of law and interpret and apply statutes, we will review the trial court's order de novo. *Hill*

*v. Davis,* 832 N.E.2d 544, 548 (Ind.Ct.App. 2005); *Blasko v. Menard, Inc.,* 831 N.E.2d 271, 274 (Ind.Ct.App.2005).

■ Hoyt and Kornmann admitted that they breached the Lease. Specifically, they acknowledged their failure to make any rent payments after August 2006 and they admitted damaging the Residence. Pursuant to the Lease, an undisputedly valid and binding contract into which they entered freely, Hoyt and Kornmann unquestionably owe Klotz rent in the amount of $6,300 and late fees that totaled $2,270 at the time of the damages hearing. Whether or not Klotz complied with statutory provisions regarding security deposits—though, as we conclude herein, he did—he is entitled, pursuant to the Lease, to be reimbursed for the rent payments and late fees. The statute regarding security deposits includes back due rent as a type of damage that must be itemized and sent to the tenants before the landlord can subtract the sum from the security deposit. Ind.Code § 32–31–3–12(a). But the statute in *no way* affects or hampers the landlord's ability and right to sue the tenants for the rent that they are contractually obligated to pay. *See* I.C. § 32–31–3–12(c) ("[t]his section does not preclude the landlord or tenant from recovering other damages to which either is entitled"). We acknowledge *Durf v. Molter,* 839 N.E.2d 1208, 1210–11 (Ind.Ct.App.2005), in which the court held that a landlord's failure to provide his tenant with an itemized list of damages precluded him from recovering the "other damages" referred to in Indiana Code section 32–31–3–12(c). Given the clear language of the statute, which explicitly excepts "other damages" from the no-

---

**2.** *See* Ind.Code § 33–29–2–4(b) (providing that the small claims docket has jurisdiction over civil actions "in which the amount sought ... is not more than six thousand dollars ($6,000)" and that the plaintiff "may waive the excess of any claim that exceeds six thousand dollars ($6,000) in order to bring it within the jurisdiction of the small claims docket").

tice requirement for security deposits, we disagree with the *Durf* holding. And even so, *Durf* involved a landlord's attempt to recover damages in an amount greater than the security deposit for physical harm done to the property by the tenant. An argument could be made that under such circumstances, the landlord should be required to provide the tenant with an itemized list of damages for which he seeks to recover. A landlord merely seeking to recover back rent, however, should not be required to provide a list of itemized damages to the property, which is irrelevant to the amount of rent contractually owed by the tenant. We cannot conclude that the General Assembly intended such a result to occur.

Here, therefore, we find that Klotz was entitled to recover the full amount of rent owed by the tenants. Inasmuch as back due rent and late fees total over $6,600—the jurisdictional limitation on damages of $6000 plus the amount of the security deposit—we find that the trial court should have entered judgment in Klotz's favor in the amount of $6,000 notwithstanding any concerns about statutory compliance regarding the security deposit.

■ That said, we will address the relevant statutes regarding the handling of security deposits. Indiana Code section 32–31–3–12(a) provides that upon termination of a rental agreement, the landlord shall return to the tenant the security deposit minus certain specified sums,

> [a]ll as itemized by the landlord with the amount due in a written notice that is delivered to the tenant not more than forty-five (45) days after termination of the rental agreement and delivery of possession. The landlord is not liable under this chapter until the tenant supplies the landlord in writing with a mailing address to which to deliver the

notice and amount prescribed by this subsection.

Indiana Code section 32–31–3–14 further requires the landlord to mail to the tenant an itemized list of damages claimed for which the security deposit may be used not more than forty-five days after the termination of occupancy. Finally, Indiana Code section 32–31–3–15 states that the "failure by a landlord to provide notice of damages under section 14 of this chapter constitutes agreement by the landlord that no damages are due, and the landlord must remit to the tenant immediately the full security deposit."

■ Assuming for argument's sake that the tenants' parents' addresses, which were contained in the Lease, were sufficient to trigger the forty-five-day period, the requirement did not begin to run until "after termination of the rental agreement and delivery of possession." I.C. § 32–31–3–12(a). "Or, to put it more precisely, termination of the rental agreement occurs after surrender by the tenant and acceptance of surrender by the landlord." *Lae v. Householder*, 789 N.E.2d 481, 484 (Ind. 2003).

Here, Hoyt suggests that the rental agreement was terminated when Klotz sent her a letter in November 2006 informing her that he planned to seek eviction. We cannot agree. It is evident that termination, surrender, and acceptance occurred on February 20, 2007, which is when the trial court entered its order evicting Hoyt and Kornmann from the premises. Although Hoyt argues that Klotz effectively terminated the lease in November when he sent her a letter informing her that he intended to begin eviction proceedings, Klotz aptly notes that

> Hoyt waited until the immediate possession hearing on February 20, 2007, to hire counsel and file her first request to [Klotz] for return of her security depos-

it. This timing ... would seem perfectly appropriate if her tendering of possession of the real estate coincided with the granting of possession by the trial court on February 20, 2007, but would seem extremely belated if the Lease termination was triggered by some earlier event.

Reply Br. p. 7. It is undisputed that as of February 20, 2007, Klotz "did not know one way or the other" whether anyone was still living in the Residence, inasmuch as "[t]here was furniture in there...." Appellant's App. p. 45. Consequently, he did not enter the Residence until authorized to do so by court order. As noted above, our Supreme Court has explicitly held that termination of a rental agreement occurs after (1) surrender by the tenant and (2) acceptance of surrender by the landlord. *Lae,* 789 N.E.2d at 484. Whether or not the tenants had surrendered the Residence prior to February 20—and given that they left behind many personal possessions, including furniture, we observe that we are skeptical that the tenants had surrendered at that point in time—it is undisputed that Klotz did not accept surrender until receiving the eviction order on that date. Klotz provided the itemized list of damages to the tenants on March 16, 2007, well within the forty-five-day timeframe.

Hoyt points out that March 16, 2007, was the date of the damages hearing, arguing that Klotz should have provided her with the list prior to that time. However, she offers no citation to authority in support of an argument that the forty-five-day timeframe is somehow altered by the trial court's schedule. We decline to rewrite the statutes, which do not contain provisions shortening the forty-five-day limit when there is an upcoming hearing or trial. Moreover, although we agree that the better practice would have been for Klotz to have provided Hoyt with the item-ized list of damages prior to trial, Hoyt could have requested a continuance so that she could have factored the information into her trial strategy. There is no evidence in the record suggesting that Hoyt did, in fact, request a continuance. Consequently, we cannot fault Klotz for complying with the letter of the law.

The judgment of the trial court is reversed and remanded with instructions to enter an order awarding Klotz $6,000.

FRIEDLANDER, J., concurs.

ROBB, J., concurs in result with opinion.

ROBB, Judge, concurring in result.

I concur in the result reached by the majority because I agree that the lease agreement was terminated on February 20, 2007, and that Klotz provided an itemized list of damages within forty-five days of this termination. However, I am concerned that allowing a landlord to provide this notice on the day of a hearing contravenes the purpose of the notice requirement, which is "to inform the tenant that the landlord is keeping the security and for what reason, as well as to allow that tenant an opportunity to challenge the costs for which the deposit is being used." *Pinnacle Props. v. Saulka,* 693 N.E.2d 101, 104 (Ind.Ct.App.1998), *trans. denied.* Such a tactic also raises due process concerns, as the tenants were not aware of the specific damages Klotz was claiming until the day of the hearing. *See FTC v. Nat'l Lead Co.,* 352 U.S. 419, 427, 77 S.Ct. 502, 1 L.Ed.2d 438 (1957) ("It goes without saying that the requirements of a fair hearing include notice of the claims of the opposing party and an opportunity to meet them."); *Sec. Comm'n of Ind. v. Holovachka,* 234 Ind. 135, 137, 124 N.E.2d 380, 381 (1955) ("The right to a hearing includes the right to know and meet the charges."). As

Klotz had not complied with the statute until the day of the hearing, the tenants would have correctly believed that they had a statutory defense under Indiana Code section 32–31–3–15 until the day of the hearing.[3] Still, I agree with the majority's reasoning that we are not at liberty to rewrite statutes, and therefore concur in the result reached.

However, I am unable to agree with the majority's holding that a landlord's failure to comply with the notice requirement does not preclude a landlord from recovering damages for back rent. Respectfully, I believe that such a holding is contrary to statutory and case law.

Indiana Code section 32–31–3–15 indicates that "[f]ailure by a landlord to provide notice of damages under section 14 of this chapter constitutes agreement by the landlord that no damages are due, and the landlord must remit to the tenant immediately the full security deposit." *See also Durf v. Molter*, 839 N.E.2d 1208, 1210 (Ind.Ct.App.2005) ("The failure to comply with the notice of damages requirement constitutes an agreement by the landlord that no damages are due.") (quoting *Mileusnich v. Novogroder Co., Inc.*, 643 N.E.2d 937, 941 (Ind.Ct.App.1994)). "The notice requirement must be met before the Landlord can recover not only those damages recoverable under Ind.Code § 32–31–3–13 regarding the use of the security deposit, to cover actual damages, rent arrearages, or utility or sewer charges, but also the 'other damages' referred to in Ind.Code § 32–31–3–12(c)." *Id.* Therefore, unlike the majority, I conclude that if Klotz failed to comply with the statute requiring him to provide an itemized state-ment within forty-five days, he would be precluded from recovering other damages, including the unpaid rent and late payments.[4] *See Lae v. Householder*, 789 N.E.2d 481, 484 (Ind.2003) ("Failure to refund and supply the itemized list results in a waiver of any claim for damages and exposes the landlord to liability for the tenant's attorney fees."); *Starks v. Village Green Apartments*, 854 N.E.2d 411, 417–18 (Ind.Ct.App.2006) (recognizing that "a landlord must comply with the statutory notice requirement in order to preserve its right to recover the other damages to which it is entitled," and holding that where a landlord fails to comply with the notice requirements, it is "foreclosed from recovering unpaid rent"); *Durf*, 839 N.E.2d at 1211 ("If the required notice is not given, the landlord has implicitly agreed that there are no other damages to collect."); *Hill v. Davis*, 832 N.E.2d 544, 554–55 (Ind.Ct.App.2005) (holding landlord's failure to comply with notice requirement precluded recovery of unpaid rent and utility bills); *Deckard Realty & Dev. v. Lykins*, 688 N.E.2d 1319, 1321 (Ind.Ct.App.1997) (holding that where a landlord fails to comply with the notice requirement, "the landlord is prohibited from making a claim for any 'other damages' and must return the entire security deposit to the tenant"), *trans. denied; Duchon v. Ross*, 599 N.E.2d 621, 625 (Ind.Ct.App.1992) ("A landlord can attempt to pursue a claim for 'other damages' only if it returns the tenant's security deposit within 45 days or provides the statutory notice."); *Skiver v. Brighton Meadows*, 585 N.E.2d 1345, 1347 (Ind.Ct.App.1992) (holding that because the landlord "did not provide [the tenant] with a list of damages claimed

---

3. There is no indication in the record that the tenants requested a continuance.

4. The tenant and landlord are prohibited from contracting out of the requirements of the security deposit statute. *See* Ind.Code § 32–7–5–17; *Raider v. Pea*, 613 N.E.2d 870, 873 (Ind.Ct.App.1993).

under section 13, *in this case the unpaid rent,* [the landlord] may not now collect this amount" (emphasis added)).