ATTORNEY FOR APPELLANT
David J. Karnes
Dennis, Wenger & Abrell, P.C.
Muncie, Indiana

ATTORNEY FOR APPELLEE HOYT
Alan K. Wilson
Muncie, Indiana

APPELLEE KORNMANN PROCEEDING
WITHOUT ATTORNEY

In the

# Indiana Supreme Court

FILED

Jan 22 2009, 12:17 pm

CLERK
of the supreme court,
court of appeals and
tax court

_____

No. 18S02-0807-CV-391

STAN KLOTZ,                                                    *Appellant/Plaintiff,*

v.

SARAH HOYT,
CHRISSY KORNMANN,                                   *Appellees/Defendants.*

_____

Appeal from the Delaware Circuit Court, No. 18C04-0701-SC-0110
The Honorable John Feick, Judge

_____

On Transfer from the Indiana Court of Appeals, No. 18A02-0707-CV-556

_____

**January 22, 2009**


**Dickson, Justice.**


This landlord-tenant dispute centers on Indiana's rental agreement deposit statute. We hold that a landlord's untimely or inadequate statutory damage notice to a tenant precludes only the landlord's claims for physical damage to the premises and does not bar the landlord from recovery of unpaid rent and other losses.


The facts are largely undisputed. The parties signed a residential rental agreement, commencing July 1, 2006 and ending June 30, 2007. The tenants gave the landlord a $600 deposit and paid $600 for the rent for July 2006 and half of the rent for August 2006, but made no further rent

payments. The tenants apparently ceased residing in the premises in August or September 2006, but did not notify the landlord of their departure and did not remove all of their furniture and personal belongings. In November 2006, the landlord sent a letter to the tenants informing them of his intent to begin eviction proceedings because of their non-payment of rent. Receiving no response, the landlord filed an action in small claims court against the tenants in January 2007. The trial court ordered eviction on February 20, 2007, and set a hearing on the damages for March 16, 2007. The landlord had not mailed any notice of damages nor remitted any portion of the tenants' damage deposit, but at the hearing presented in evidence an exhibit detailing the unpaid rent ($6,300.00) and late fees ($4,440.00) through the end of the tenancy and listing damages to the premises ($2,848.94) and attorney fees ($500.00), altogether totaling $11,918.94. The landlord sought a judgment of $6,000, the jurisdictional limit applicable in the small claims proceeding. Following the hearing, the trial court entered judgment against the landlord and ordered the return of the tenants' security deposit.

The landlord brought this appeal, asserting (a) that he established all the requisite elements of his claim for back rent, late fees, damages to the premises, and attorney fees; and (b) that he was not required to return the tenant's damage deposit or provide a notice of damages until the tenants provided him with notice of their new mailing address, and that within forty-five days of the tenants' surrender of possession on February 20, 2007, he provided an itemized summary of damages to the tenants at the trial of the case on March 16, 2007. The tenants admit to breaching the agreement by failing to pay rent after August 2006. *See* Tr. at 40, 53.

On appeal, only one of the tenants, Sarah Holt, has responded, alternatively arguing that the landlord terminated the lease on November 8, 2006, and that the landlord failed to provide a notice of damages within forty-five days as required by statute, or that if the lease terminated on February 20, 2007, the landlord's trial exhibit itemizing damages should not be deemed sufficient to satisfy the security deposit statute. The Court of Appeals reversed and remanded for the entry of a $6,000 judgment in the landlord's favor. Klotz v. Hoyt, 880 N.E.2d 1234, 1235 (Ind. Ct. App. 2008). We granted transfer.

Central to the resolution of this appeal are the following pertinent provisions from Indiana

2

Code § 32-31-3 related to rental agreement security deposits:

**Sec. 12.  Return of deposits; deductions; liability**
(a) Upon termination of a rental agreement, a landlord shall return to the tenant the security deposit minus any amount applied to:

> (1) the payment of accrued rent;
> (2) the amount of damages that the landlord has suffered or will reasonably suffer by reason of the tenant's noncompliance with law or the rental agreement; and
> (3) unpaid utility or sewer charges that the tenant is obligated to pay under the rental agreement;

all as itemized by the landlord with the amount due in a written notice that is delivered to the tenant not more than forty-five (45) days after termination of the rental agreement and delivery of possession. The landlord is not liable under this chapter until the tenant supplies the landlord in writing with a mailing address to which to deliver the notice and amount prescribed by this subsection. Unless otherwise agreed, a tenant is not entitled to apply a security deposit to rent.
(b) If a landlord fails to comply with subsection (a), a tenant may recover all of the security deposit due the tenant and reasonable attorney's fees.
(c) *This section does not preclude the landlord or tenant from recovering other damages to which either is entitled.*
(d) The owner of the dwelling unit at the time of the termination of the rental agreement is bound by this section.

**Sec. 13.  Use of deposits.**  A security deposit may be used only for the following purposes:
(1) To reimburse the landlord for actual damages to the rental unit or any ancillary facility that are not the result of ordinary wear and tear.
(2) To pay the landlord for:

> (A) all rent in arrearage under the rental agreement; and
> (B) rent due for premature termination of the rental agreement by the tenant.

(3) To pay for the last payment period of a residential rental agreement if a written agreement between the landlord and the tenant stipulates that the security deposit will serve as the last payment of rent due.
(4) To reimburse the landlord for utility or sewer charges paid by the landlord that are:

> (A) the obligation of the tenant under the rental agreement; and
> (B) unpaid by the tenant.

**Sec. 14.  Notice of damages; refund of remaining deposits.**  Not more than forty-five (45) days after the termination of occupancy, a landlord shall mail to a tenant an itemized list of damages claimed for which the security deposit may be used under section 13 of this chapter. The list must set forth:

> (1) the estimated cost of repair for each damaged item; and
> (2) the amounts and lease on which the landlord intends to assess the tenant.

The landlord shall include with the list a check or money order for the difference between the damages claimed and the amount of the security deposit held by the landlord.

**Sec. 15.  Remittance of full deposit.**  Failure by a landlord to provide notice of damages under section 14 of this chapter constitutes agreement by the landlord that *no damages are*

*due*, and the landlord must remit to the tenant immediately the full security deposit.

**Sec. 16.  Liability for withheld deposits.**  A landlord who fails to comply with sections 14 and 15 of this chapter is liable to the tenant in an amount equal to the part of the deposit withheld by the landlord plus reasonable attorney's fees and court costs.

Ind. Code § 32-31-3-12 to 16 (emphasis added).


## Part 1.  The Notice of Damages and Claims for Unpaid Rent and Other Damages


In reversing the trial court and entering a $6,000 judgment in the landlord's favor, the Court of Appeals concluded that the tenants were contractually obligated to the landlord, that the landlord "was not required to comply with the forty-five-day timeframe to be entitled to back due rent payments and that, for the purpose of damages and the security deposit, he *did* comply with the relevant statutes."  Klotz, 880 N.E.2d at 1235.  Noting other case authority to the contrary, the Court of Appeals construed the deposit statute provisions to conclude "the statute in *no way* affects or hampers the landlord's ability and right to sue the tenants for the rent that they are contractually obligated to pay." *Id.* at 1236.  We granted transfer to resolve conflicting precedent. *See*, *e.g.*, Starks v. Village Green Apartments, 854 N.E.2d 411, 417-18 (Ind. Ct. App. 2006), *trans. not sought*; Durf v. Molter, 839 N.E.2d 1208, 1210-11 (Ind. Ct. App. 2005), *trans. not sought*; Hill v. Davis, 832 N.E.2d 544, 554-55 (Ind. Ct. App. 2005), *reh'g granted, subsequent appeal at* 850 N.E.2d 993, 997-98 (Ind. Ct. App. 2006) (affirming judgment regarding attorney fees); Deckard Realty & Dev. v. Lykins, 688 N.E.2d 1319, 1321 (Ind. Ct. App. 1997), *trans. denied*; Duchon v. Ross, 599 N.E.2d 621, 624-25 (Ind. Ct. App. 1992), *trans. not sought*; Skiver v. Brighton Meadows, 585 N.E.2d 1345, 1347 (Ind. Ct. App. 1992), *trans. not sought*.

The tenant argues that the "no damages are due" language in Section 15 means that in the event of a landlord's failure to timely provide the tenants with an adequate notice, the landlord may not recover unpaid rent or other damages and that such failure also requires remittance of the full security deposit and reasonable attorney fees.

Questions of statutory interpretation are questions of law, which are reviewed on a *de novo* basis by appellate courts.  Porter Dev., LLC v. First Nat'l Bank, 866 N.E.2d 775, 778 (Ind. 2007);

Brown v. State, 677 N.E.2d 517, 518 (Ind. 1997). When faced with two conflicting statutory provisions, we seek first to harmonize the two. State v. Universal Outdoor, Inc., 880 N.E.2d 1188, 1191 (Ind. 2008). If the two statutes "can be read in harmony with one another, we presume that the Legislature intended for them both to have effect." Burd Mgmt., LLC v. State, 831 N.E.2d 104, 108 (Ind. 2005). Statutes relating to the same general subject matter "are in *pari materia* [on the same subject] and should be construed together so as to produce a harmonious statutory scheme." Sanders v. State, 466 N.E.2d 424, 428 (Ind. 1984); *see also* Cochran v. State, 859 N.E.2d 727, 729 (Ind. Ct. App. 2007), *trans. not sought*; Ross v. Harris, 860 N.E.2d 602, 607 (Ind. Ct. App. 2006), *trans. denied*; Appolon v. Faught, 796 N.E.2d 297, 300 (Ind. Ct. App. 2003), *trans. not sought*.

If applied as urged by the tenant to preclude the landlord from recovery of all unpaid rent and other damages, the "no damages are due" clause in Section 15 is inconsistent with Sections 12(b) and(c), which declare a landlord's failure to give a timely itemized notice to the tenant entitles the tenant to recover the entire security deposit plus reasonable attorney fees, but "does not preclude the landlord or tenant from recovering other damages to which either is entitled." I.C. § 32-31-3-12(c). The "no damages are due" phrase in Section 15 may also be read to refer only to *physical* damages to the premises instead of damages *of any kind*. We also note that Section 16 prescribes that the liability of a landlord who fails to comply with the notice of damage requirement is "equal to the part of the deposit withheld by the landlord plus reasonable attorney's fees and court costs," but does not refer to any forfeiture of unpaid rent and other damages. I.C. § 32-31-3-16. In addition, to construe Section 15 to preclude a landlord who failed to timely provide an adequate notice of damages from recovering unpaid rent and damages other than physical damages to the rented premises would render meaningless Section 12(c), which expressly permits such a landlord to recover "other damages" to which the landlord may be entitled. But if "no damages" under Section 15 is understood to mean no *physical* damages to the premises, then Section 15 and Section 12 may be construed complementarily and in harmony. We adopt such a construction. Considering the full context of these provisions, we decline to find that the legislature intended to incentivize the providing of a notice of damage by anything greater than a forfeiture of a landlord's claim for physical damages to the premises.

5

We hold that a landlord's failure to provide to the tenant a timely and adequate notice of damages under Sections 12 through 16 of Indiana Code § 32-31-3 precludes the landlord only from recovering damages for physical harm to the rented premises and does not bar the landlord from seeking unpaid rent and other damages.

### Part 2.  Compliance with the Notice of Damages Requirement

Although not outcome determinative in this case, we express our disapproval of considering a landlord's trial exhibit itemizing damages as equivalent to the statutory notice of damages. In view of our holding in Part 1, even if the tenant is correct that the landlord's damage list exhibit fails to satisfy the notice of damages requirement, the effect would only preclude the landlord from recovering $2,848.94 in claimed physical damages to the premises and would entitle the tenants to the refund of their damage deposit and resulting attorney fees.  Reducing the landlord's total claimed damages ($11,918.94), which are not challenged by the tenant, by the portion attributable to premises damages ($2,848.94), results in a difference of $9,070.00, which, even after an offset for the $600.00 damage deposit and reasonable attorney fees incurred by the tenant, would substantially exceed the $6,000.00 small claims court jurisdictional limit.  But in many cases, a landlord's claim for total damages will likely be much smaller and the role of the statutory notice of damages may be quite significant, thus warranting our clarification of this issue.

Section 14 requires that a landlord must, not more than forty-five days after the termination of occupancy, mail to the tenant an itemized list of damages for which the security deposit may be used.  The landlord contends that his Plaintiff's Exhibit 7 (an itemized listing of unpaid rent and late fees during the period of the lease, physical damages to the premises, and attorney's fees) satisfied the statutory notice of damages requirement.  Appellant's Br. at 7, 18, and Appellant's Reply Br. at 7.

The purpose of the provisions in the security deposit statute was stated in <u>Lae v. Householder</u>, 789 N.E.2d 481 (Ind. 2003):

> The purpose of these provisions is to provide for the timely return of the tenant's security deposit and to protect the tenant from wrongful withholding of the deposit by the landlord. The notice requirements are intended to inform a tenant as to what specific damages or

liability claims the landlord is attempting to offset against the tenant's deposit. *Id.* at 485 (internal citations omitted). These purposes are not served if a landlord may forego providing the tenant with the statutory notice of damages until the time of trial on the landlord's claim for damages. A landlord's duty to provide the tenant with a notice of damages is not triggered until "surrender by the tenant and acceptance of surrender by the landlord," *id.* at 484, which may, as in the present case, not occur until the trial court orders immediate possession and schedules a hearing on damages. Thus, when such hearing is scheduled within forty-five days thereafter, and if a landlord does not promptly provide the tenant with a separate pre-trial notice of damages, but discloses the alleged damages to the tenant for the first time at the hearing on damages, the tenant has little opportunity to challenge such claims or to marshal contrary evidence. This eventuality obviates the notice of damages requirement and permits landlords to substantially avoid the purposes and effect of the security deposit statute.

In many landlord-tenant disputes, either or both of the parties may not be represented by counsel, and thus may be unfamiliar with, or unable to effectively seek, a continuance of the hearing to permit further investigation or discovery. It is advisable that judges exercise caution to avoid scheduling the final damage hearing in forty-five days or less from the date of the tenant's surrender and the landlord's acceptance of the premises. For a landlord, the better practice is to separately provide the detailed notice of damages to the tenant at the earliest opportunity, reasonably in advance of a hearing on damages. When the trial court schedules the damages hearing after the landlord's deadline for providing the tenant with the notice of damages, it will be in the interests of landlords who seek to assert claims for premises damages to comply with the notice of damages procedure rather than to attempt to first provide their list of damages at trial.

## Conclusion

We hold that a failure to timely comply with the notice of damages requirement subjects a landlord to forfeiture of all claims for physical damage to the premises, to refund of a tenant's damage deposit, and to payment of the tenant's statutory attorney's fees incurred by the tenant in seeking return of the deposit and in resisting the landlord's claim for premises damages, but such failure does not preclude a landlord from recovery of unpaid rent or other damages to which the

7

landlord may otherwise be entitled. Here, the landlord's total claims so exceed the $6,000.00 small claims jurisdictional limit that the inadequacy of the landlord's purported notice of damages is immaterial, even though it would preclude his recovery of the portion of his claim that consists of physical damages to the premises and attorney fees, and would require him to refund the tenants damage deposit and resulting attorney fees. This cause is remanded to the trial court for entry of a judgment for the landlord in the sum of $6,000.00.

**Boehm, and Rucker, JJ., concur. Shepard, C.J., concurs in result with separate opinion. Sullivan, J., dissents with separate opinion.**

**SHEPARD, Chief Justice, concurring in result.**

I join in today's disposition and in directing that judgment be entered for $6,000. The Court's harmonization of the several sections of the statutes on rentals and security deposits is especially helpful.

Because we do not receive very many appeals from the 300,000 small claims cases litigated each year in Indiana, I would go a bit further and answer a question posed by this appeal but not answered in the Court's opinion.

The informality of the small claims procedure, directed by the legislature and affirmed by this Court's rules, would not countenance compulsory rejection of a legitimate claim for physical damage solely on grounds of failure to mail before the rent and damage hearing. If, for example, a landlord presented at the hearing held on day 35 a repair estimate of $90 for damage done to an apartment's dishwasher, and the former tenant acknowledged causing the damage and did not dispute that the repair estimate was reasonable, I would say that the tenant could not defeat the landlord's claim for withholding $90 from the security deposit by saying solely, "I'm entitled to have this mailed to me."

I would also say that a tenant faced with a more complicated list of physical damage claims ought to be afforded more time to look into the enumerated items of damage. Our state (and most others) has always believed that such informal approaches to small claims disputes make for substantial justice to litigants on both sides of the "versus."

**Sullivan, Justice, dissenting.**

I respectfully dissent.

I believe the statutory scheme works as follows. First, section 14 imposes an affirmative obligation on a landlord, not more than 45 days after termination of occupancy, to give its tenant by mail: (1) notice containing an itemized list of damages, if any, to which it is applying the tenant's security deposit; and (2) a check for the balance of the security deposit.

Next, section 15 puts teeth into section 14 by saying that if the landlord doesn't comply with section 14's requirement, "no damages are due." And the meaning of damages is clearly set forth in section 13 – actual damages to the rental unit, rent in arrears, unpaid utility and sewer charges for which the tenant is obligated, etc.

The Court finds that subsection (c) of section 12 relieves landlords of the effect of section 15. It provides: "This section does not preclude the landlord or tenant from recovering other damages to which either is entitled."

Significant to me is the use in subsection (c) of the reference "this section." The section is section 12; this subsection by its terms does not apply to any other section, to <u>wit</u>, sections 13, 14, or 15.

Furthermore, I think the Court simply misreads subsection (c). In its opinion, the Court says that subsection (c) "declare[s] a landlord's failure to give a timely itemized notice to the tenant . . . 'does not preclude the landlord . . . from recovering other damages to which [it] is entitled.'" Subsection (c) says nothing about applying when a landlord fails to give timely notice. I read it to say that if a tenant owes the landlord more than the balance of the security deposit, the landlord is not precluded from recovering the additional amount due.

Simply put, if occupancy ends with a tenant owing a landlord more than the amount of the security deposit in damages (as defined in section 13), subsection (c) expressly authorized the lan-

dlord to recover the additional amount – but only so long as the landlord has complied with section 14 and subsection (a) of section 12.

I believe that this result is mandated by our decision in Lae v. Householder, where we said that, "[f]ailure to refund and supply the itemized list results in a waiver of any claim for damages and exposes the landlord to liability for the tenant's attorney fees." 789 N.E.2d 481, 484 (Ind. 2003). Even if the language in Lae is considered dicta, this position has been (until this case) the long-standing and unvarying interpretation of this statute by the Court of Appeals. See Klotz v. Kornmann, 880 N.E.2d 1234, 1239 (Ind. Ct. App. 2008) (Robb, J., concurring in result) (citing Starks v. Vill. Green Apartments, 854 N.E.2d 411, 417-18 (Ind. Ct. App. 2006); Durf v. Molter, 839 N.E.2d 1208, 1210 (Ind. Ct. App. 2005) (quoting Mileusnich v. Novogroder Co., Inc., 643 N.E.2d 937, 941 (Ind. Ct. App. 1994); Hill v. Davis, 832 N.E.2d 544, 554-55 (Ind. Ct. App. 2005); Deckard Realty & Dev. v. Lykins, 688 N.E.2d 1319, 1321 (Ind. Ct. App. 1997), trans. denied; Duchon v. Ross, 599 N.E.2d 621, 625 (Ind. Ct. App. 1992); Skiver v. Brighton Meadows, 585 N.E.2d 1345, 1347 (Ind. Ct. App. 1992)).

Lastly, I note in support of my position the long period of apparent legislative acquiescence to these decisions.