SULLIVAN, Justice,
dissenting.
I respectfully dissent.
I believe the statutory scheme works as follows. First, section 14 imposes an affir *8 mative obligation on a landlord, not more than 45 days after termination of occupancy, to give its tenant by mail: (1) notice containing an itemized list of damages, if any, to which it is applying the tenant's security deposit; and (2) a check for the balance of the security deposit.
Next, section 15 puts teeth into section 14 by saying that if the landlord doesn't comply with section 14's requirement, "no damages are due." And the meaning of damages is clearly set forth in section 13-actual damages to the rental unit, rent in arrears, unpaid utility and sewer charges for which the tenant is obligated, etc.
The Court finds that subsection (c) of section 12 relieves landlords of the effect of section 15. It provides: "This section does not preclude the landlord or tenant from recovering other damages to which either is entitled."
Significant to me is the use in subsection (c) of the reference "this section." The section is section 12; this subsection by its terms does not apply to any other section, to wit, sections 18, 14, or 15.
Furthermore, I think the Court simply misreads subsection (c). In its opinion, the Court says that subsection (c) "declare[s] a landlord's failure to give a timely itemized notice to the tenant ... 'does not preclude the landlord ... from recovering other damages to which [it] is entitled.'" Subsection (c) says nothing about applying when a landlord fails to give timely notice. I read it to say that if a tenant owes the landlord more than the balance of the security deposit, the landlord is not precluded from recovering the additional amount due.
Simply put, if occupancy ends with a tenant owing a landlord more than the amount of the security deposit in damages (as defined in section 18), subsection (c) expressly authorized the landlord to recover the additional amount-but only so long as the landlord has complied with section 14 and subsection (a) of section 12.
I believe that this result is mandated by our decision in Lae v. Householder, where we said that, "[flailure to refund and supply the itemized list results in a waiver of any claim for damages and exposes the landlord to liability for the tenant's attorney fees." 789 N.E.2d 481, 484 (Ind.2003). Even if the language in Lae is considered dicta, this position has been (until this case) the long-standing and unvarying interpretation of this statute by the Court of Appeals. See Klotz v. Kornmann, 880 N.E.2d 1234, 1239 (Ind.Ct.App.2008) (Robb, J., concurring in result) (citing Starks v. Vill. Green Apartments, 854 N.E.2d 411, 417-18 (Ind.Ct.App.2006); Durf v. Molter, 839 N.E.2d 1208, 1210 (Ind.Ct.App.2005) (quoting Mileusnich v. Novogroder Co., Inc., 643 N.E.2d 937, 941 (Ind.Ct.App.1994); Hill v. Davis, 832 N.E.2d 544, 554-55 (Ind.Ct.App.2005); Deckard Realty & Dev. v. Lykins, 688 N.E.2d 1319, 1321 (Ind.Ct.App.1997), trans. denied; Duchon v. Ross, 599 N.E.2d 621, 625 (Ind.Ct.App.1992); Skiver v. Brighton Meadows, 585 N.E.2d 1345, 1347 (Ind.Ct.App.1992)).
Lastly, I note in support of my position the long period of apparent legislative acquiescence to these decisions.