In re the SUPERVISED ESTATE of Ronda E. WILLIAMSON, Appellant–Defendant,

v.

Wilma WILLIAMSON, Appellee–Plaintiff.

No. 05A02–0212–CV–1086.

Court of Appeals of Indiana.

Oct. 31, 2003.

Ronald K. Smith, Muncie, IN, Attorney for Appellant.

Donald H. Dunnuck, Muncie, IN, Attorney for Appellee.

## OPINION

MAY, Judge.

The estate of Ronda E. Williamson (hereinafter, "the Estate") appeals the trial court's judgment in favor of Wilma Williamson (hereinafter, "Wilma") on Wilma's claim that certain real estate belonged to Wilma rather than to the Estate. On appeal, the Estate argues the trial court erred when it determined that an agreement between Wilma and Ronda was a

valid defeasance of property passed from Wilma to Ronda by quitclaim deed. We affirm.

## FACTS AND PROCEDURAL HISTORY

Wilma was married to Ronald A. Williamson (hereinafter, "Ronald"). Wilma and Ronald had one child, Ronald A. Williamson, II (hereinafter, "Ronald II"). At some point, Ronald had a daughter, Ronda, with Irene Michael.

On May 12, 1999, Ronald, Wilma, and Ronda entered into the following agreement (hereinafter, "the agreement"):

I RONALD A[sic] WILLIAMSON AND I WILMA M[sic] WILLIAMSON, [sic] BEING OF SOUND MIND, ARE TURNING THE HOUSE AT ... BASELINE ROAD, [sic] IN ALBION INDIANA OVER TO RONDA E[sic] WILLIAMSON OUR DAUGHTER FOR HER INHERITANCE.

THE FOLLOWING ARE STIPULATIONS ON THESE ACTIONS.

1. WE RESERVE THE RIGHT TO LIVE IN THE HOUSE [sic] HOLD UNTIL ONE AND /OR BOTH ARE DEAD. WE ALSO RESERVE THE RIGHT TO SELL OR TRADE OR REMODEL THE HOUSEHOLD AS WE FEEL.

2. RONDA HAS NO CONTROL OVER ANY HOUSEHOLD ACTIVITIES OR DECISIONS THAT ARE MADE CONCERINING [sic] MAINTANCE [sic], [sic] TAXES, SELLING, REMOLDING [sic], INSURANCE AND ANYTHING TO DO WITH THE HOUSE.

3. I RONALD A[sic] WILLIAMSON AND /OR I WILMA M[sic] WILLIMASON ARE RESPONSIBLE FOR ALL TAXES, REPAIRS, INSURANCE, AND INCOME TAXES IF SELLING SAID PROPERTIE. [sic]

4. RONDA E[sic] WILLIAMSON DOES NOT HAVE ANY SAY SO WHO LIVES IN HOUSEHOLD AS LONG AS ONE AND /OR BOTH ARE LIVING.

5. IN THE EVENT OF BOTH RONALD AND WILMA WILLIAMSON'S [sic] DEATH'S [sic] RONDA IS TO SELL SAID HOUSEHOLD NOT THE CONTENTS. {UNLESS SAID IN ANOTHER DOCUMENTS [sic]}. THE ROYALTIES ARE TO BE DEVIDED [sic] BETWEEN RONDA E[sic] WILLIAMSON AND RONALD A[sic] WILLIAMSON II OUR DAUGHTER AND SON. RONDA OR RONALD II CAN BUY THE OTHER ONES [sic] HALF OUT.

6. IN THE EVENT OF RONDA E[sic] WILLIAMSON'S DEATH THE SAID PROPERTY WILL REVERT BACK TO RONALD A[sic] WILLIAMSON AND /OR WILMA M[sic] WILLIAMSON'S POSETION [sic] WHICH EVER [sic] ONE OR BOTH THAT ARE LIVING.

(Appellant's App. at 30.) The agreement was signed by Ronald, Wilma, Ronda, and two witnesses.

Also on May 12, 1999, by quitclaim deed, Ronald and Wilma passed title to the Baseline Road property to Ronda. The deed was acknowledged by a notary public on May 12, 1999, and was recorded with the Noble County Recorder's office on May 14, 1999.

At some point thereafter, Ronald died. On June 28, 2001, the agreement was recorded with the Noble County Recorder's office. Also in June of 2001, Ronda executed her last will and testament, which gave the Baseline Road property to her biological mother, Irene.

In November of 2001, Ronda died. Her will was admitted to probate on December

10, 2001. On January 10, 2002, Wilma filed a claim against the estate, alleging the Baseline Road property was not an asset of Ronda's estate pursuant to the agreement. After a hearing, the court concluded "the Written Agreement is a defeasance of the Quit Claim Deed" and is binding on Ronda and her heirs. (*Id.* at 8.) Therefore, the court held the Baseline Road property reverted back to Wilma upon Ronda's death and is not part of the Estate. The Estate filed a motion to correct error, which the court denied.

## DISCUSSION AND DECISION

 The Estate appeals from the trial court's denial of its motion to correct error.[1] A trial court has broad discretion to determine whether to grant or deny a motion to correct error. *Volunteers of Am. v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 658 (Ind.Ct.App.2001), *reh'g denied, trans. denied*, 783 N.E.2d 695 (Ind.2002). We will reverse only for an abuse of that discretion. *Id.* An abuse of discretion occurs if the trial court's decision was against the logic and effect of the facts and circumstances before the court or if the court misapplied the law. *Id.*

Prior to addressing one of the Estate's arguments, we note the Estate has waived a number of its claims by providing a woefully inadequate argument in its brief. The entirety of the Estate's argument is:

The statutes in Indiana are quite clear concerning the requirements for a valid transfer of real estate. The real estate must be described, and any deed or other instrument purporting to convey an interest in the property must be acknowledged. I.C. 32–1–2–4, now I.C. 32–21–1–13: I.C. 32–1–2–9, now I.C. 32–12–2–2. The Estate of Ronda E. Williamson submits that the "agreement" of May 12, 1999, was not valid, in that it was not properly acknowledged, and did not contain a legal description of the real estate in question. The Estate submits that any document which may act to defeat a validly executed deed, must be executed in compliance with the same requirement and formalities as the original deed. The evidence is quite clear that Exhibit 1, the "agreement" upon which the claimant, Wilma Williamson, was [sic] relied, does not comply with the requirements of the statutes for valid conveyance of real estate. The case law relied upon by the Trial Court does not specifically address the issue of the requirements for a defeasance to be valid. However, the Estate submits it is ludicrous to believe that a document, such as a Quit Claim Deed, which to be valid, must comply with all of the requirements imposed by law, can be defeated by a document which does not

1. The Estate fails to acknowledge anywhere in its brief that it filed a motion to correct error that was denied; rather, we happened upon the order denying the motion in the appellant's appendix. The appellate standard of review differs based on whether we are reviewing the denial of a motion to correct error or a judgment on the merits. *Compare Volunteers of Am. v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 658 (Ind.Ct.App.2001) (standard of review for motion to correct error is abuse of discretion), *trans. denied* 783 N.E.2d 695 (Ind.2002), *with* Ind. Trial Rule 52 ("On appeal of claims tried by the court without a jury … the court on appeal shall not set aside the findings or judgment unless clearly erroneous…."). Consequently, the filing of a motion to correct error is a procedural matter about which this court should be informed.

Moreover, the Estate failed to provide a standard of review, as required by Ind. Appellate Rule 46(A)(8)(b) ("The argument must include for each issue a concise statement of the applicable standard of review…."). Counsel should provide an appropriate standard in any future appellate briefs.

comply with the requirements imposed by law.

Further, the documents were not recorded contemporaneously. As noted by the documents herein, admitted as exhibits 1 and 2 at the hearing, the Quit Claim Deed was recorded promptly after it's [sic] execution. The date of execution was May 12, 1999, the date of recordation was May 14, 1999. The "agreement" was not executed until more than two (2) years later, on June 28, 2001.

(Appellant's Br. at 8.)

■ We first address the Estate's second paragraph, in which the Estate claims error occurred because "the documents were not recorded contemporaneously." *Id.* The Estate offers no authority suggesting the failure to contemporaneously record the documents is a problem. Ind. Appellate Rule 46(A)(8)(a) requires each contention to be supported by citation to the authorities, whether statutes or case law. As the Estate provided no authority supporting this claim of error, the argument is waived. *See Loomis v. Ameritech Corp.,* 764 N.E.2d 658, 668 (Ind.Ct.App. 2002), *trans. denied.*

■ Second, as to the allegations in the Estate's first paragraph, it cites two statutes, presumably relied on by the trial court, and informs us that those statutes have been repealed and replaced by new code sections. However, one of the "new" sections the Estate cites, Ind.Code § 32–12–2–2, is a section that has, in fact, also been repealed and replaced. *See* Ind.Code art. 32–12 ("This article, concerning assignments for benefit of creditors, was repealed by PL 2–2002, § 128, effective July 1, 2002."). We will not search for the code section the Estate intended to cite. *See, e.g., Young v. Butts,* 685 N.E.2d 147, 151 (Ind.Ct.App.1997) ("we will not search the . . . authorities cited by a party in order to find legal support for its position"). By failing to direct us to the controlling code section, the Estate waived any argument based on that statute. Accordingly, the Estate's remaining argument rests on one statutory citation.

■ For that one valid statutory citation, the Estate neither quotes the relevant portions of the statute nor explains the relevance of the statute to the validity of the agreement. Rather, the Estate offers only conclusory statements asserting the trial court erred. Ind. Appellate Rule 46(A)(8)(a) requires the argument to be "supported by cogent reasoning." As we explained in *Young,*

> We demand cogent argument supported with adequate citation to authority because it promotes impartiality in the appellate tribunal. A court which must search the record and make up its own arguments because a party has not adequately presented them runs the risk of becoming an advocate rather than an adjudicator. A brief should not only present the issues to be decided on appeal, but it should be of material assistance to the court in deciding those issues.

*Young,* 685 N.E.2d at 151 (internal citations omitted). The Estate has failed to provide cogent argument, and its allegations of error are therefore waived. *See id.*

■ Even if, notwithstanding the Estate's waiver, we address the Estate's one valid statutory citation, the argument would fail. Ind.Code §§ 32–21–1–13 provides:

> Except for a bona fide lease for a term not exceeding three (3) years, a conveyance of land or of any interest in land shall be made by a deed that is:
>
> (1) written; and

(2) subscribed, sealed, and acknowledged by the grantor (as defined in IC 32–17–1–1) or by the grantor's attorney.

The Estate asserts "any document which may act to defeat a validly executed deed, must be executed in compliance with the same requirements and formalities as the original deed."[2] (Appellant's App. at 8.) However, the Estate directs us to no authority and offers no argument to support this assertion, which is accordingly waived.[3]

For all of these reasons, the Estate has failed to demonstrate that the trial court abused its discretion by denying the motion to correct error.

Affirmed.

BARNES, J., and DARDEN, J., concur.

**2.** We note that while the parties did not so argue and the trial court did not so find, the agreement appears to have been signed and sealed by a notary public. The agreement does not contain the typical acknowledgment language indicating it was signed and sealed by a notary. (*See, e.g.,* Appellant's App. at 31)(containing typical acknowledgment language). However, the second witness' signature is for one "Dorothy M. Naty" who wrote an "N.P." after her signature and "Expires 18th Day of Nov 2001" under her signature and who appears to have stamped her name with a notary seal. (*Id.* at 30.) At the hearing, Ronald II testified there were two notaries public in the hospital room when the agreement and deed were signed. This evi-dence leads us to believe, contrary to the Estate's argument, that the agreement was, in fact, "acknowledged" by a notary public.

**3.** The Estate does argue "[t]he case law relied upon by the Trial Court does not specifically address the issue of the requirements for a defeasance to be valid." (Appellant's Br. at 8.) However, the Estate does not cite the case law presumably relied on by the trial court or attempt to explain why those cases do not address the issue at hand. Moreover, the Estate offers no case law it believes would address the requirements for a valid instrument of defeasance.