# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**SCOTT A. TANNER**
**DONALD W. MCINNIS**
Tanner Law Group
Indianapolis, Indiana



FILED

Oct 05 2012, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

HEARTLAND CROSSING FOUNDATION, )
INC., )
                               )
      Appellant-Plaintiff, )
                               )
          vs. )    No. 55A01-1203-SC-119
                               )
CHRIS M. DOTLICH, )
                               )
      Appellee-Defendant. )

APPEAL FROM THE MORGAN SUPERIOR COURT
The Honorable Jane Spencer Craney, Judge
The Honorable Brian H. Williams, Magistrate
Cause No. 55D03-1110-SC-1539

**October 5, 2012**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Appellant-Plaintiff Heartland Crossing Foundation, Inc. ("Heartland") appeals the small claims court's judgment in favor of pro-se Appellee-Defendant Chris Dotlich ("Dotlich") on Heartland's breach of contract claim. Heartland presents one issue for our review: whether the small claims court's judgment for Dotlich was clearly erroneous.

We affirm.

**Facts and Procedural History**

On April 9, 2003, Dotlich took title to his property at 13227 North Becks Grove Court, Camby, Indiana ("the Property"). The Property is part of the Commons at Heartland Crossing subdivision in Morgan County, Indiana ("Heartland Crossing"), and is subject to the Master Declaration of Covenants, Conditions, Easements and Restrictions of Heartland Crossing ("the Declaration"). (App. at 13.) Heartland is a homeowner's association that administers Heartland Crossing, and enforces the Declaration. Under the terms of the Declaration, Dotlich assented to pay homeowner's association dues ("dues"), "late charges from the date first due and payable, all costs of collection, reasonable attorney's fees and paraprofessional fees actually incurred, and any other amounts provided or permitted by law[.]" (App. at 18.) Dotlich owed dues of $182.50 semiannually, payable to Heartland on January 1 and May 1 of each year. (Tr. at 5; App. at 37.)

When Dotlich paid his dues late on several occasions, Heartland on several occasions charged him late fees equal to almost 33% of each dues payment, a flat-rate attorneys' fee equal to almost 50% of each dues payment, and a $50 "administrative fee." (App. at 36-37.)

2

Dotlich fell further behind on his payments, and the late fees, attorneys' fees, and administrative fees accumulated. Id.

On October 4, 2011, Heartland filed a complaint against Dotlich in the Morgan Superior Court alleging breach of contract, and seeking payment of the $50 administrative fee, additional attorneys' fees of $795.10, and court costs. The trial court conducted a bench trial on March 7, 2012, and on March 14, 2012, it entered a judgment for Dotlich on Heartland's contract claim. Heartland filed this appeal on March 20, 2012.

**Discussion and Decision**

Standard of Review

Initially, we observe that Dotlich did not file an appellee's brief. Under such a circumstance, we do not undertake to develop an argument on his behalf, and we may reverse upon Heartland's prima facie showing of reversible error. Carter v. Grace Whitney Props., 939 N.E.2d 630, 633 (Ind. Ct. App. 2010) (internal quotations and citations omitted). In this context, prima facie error means "at first sight, on first appearance, or on the face [of] it." Id. at 633-34 (internal quotations and citations omitted).

The claim was tried before the bench in small claims court, and the trial court issued findings of fact and conclusions of law pursuant to Indiana Trial Rule 52.[1] Our standard of review in small claims cases is particularly deferential in order to preserve the speedy and informal process for small claims. City of Dunkirk Water & Sewage Dep't v. Hall, 657

---

[1] Judgments in small claims actions are "'subject to review as prescribed by relevant Indiana rules and statutes.'" Trinity Homes, LLC v. Fang, 848 N.E.2d 1065, 1067 (Ind. 2006) (quoting Ind. Small Claims Rule 11(A)).

N.E.2d 115, 116 (Ind. 1995). In reviewing a bench trial, we will not set aside the findings or judgment unless clearly erroneous. Indiana Trial Rule 52(A); Trinity Homes, LLC v. Fang, 848 N.E.2d 1065, 1068 (Ind. 2006). The small claims court is the sole judge of the evidence and the credibility of witnesses, and on appeal we neither reweigh the evidence nor assess the credibility of the witnesses. City of Dunkirk Water & Sewage Dep't, 657 N.E.2d at 116. If the court rules against the party with the burden of proof, as here, it enters a negative judgment that we may not reverse for insufficient evidence unless "the evidence is without conflict and leads to but one conclusion, but the court reached a different conclusion." Eppl v. DiGiacomo, 946 N.E.2d 646, 649 (Ind. Ct. App. 2011).

Analysis

Here, the small claims court denied Heartland's recovery of the $50 administrative fee after finding it was not a cost actually incurred by Heartland, was without basis, and was "nothing more than an abusive junk fee." (App. at 4.) Additionally, the trial court denied Heartland's recovery of additional attorneys' fees of $795.10 and court costs after finding the attorneys' fees and court costs were based solely on the $50 administrative fee, to which Heartland was not entitled.

The evidence most favorable to the judgment discloses that Heartland had a history of assessing repetitive and cumulative fees during each effort to collect late dues, including late fees equal to almost 33% of each dues payment, a flat-rate attorneys' fee equal to almost 50% of each dues payment, and a $50 administrative fee. (App. at 36-37.) While Section 10.6 of the Declaration allows for assessment of dues, "late charges from the date first due and

4

payable, all costs of collection, reasonable attorney's fees and paraprofessional fees actually incurred, and any other amounts provided or permitted by law[,]" the text of the Declaration contains no provision explicitly allowing assessment of an "administrative fee." (App. at 18.) Because this is a contract,[2] and we construe contracts strictly against Heartland, the drafter,[3] we, like the small claims court, decline to read into the Declaration an "administrative fee" provision.

Furthermore, as of the time of the trial, the only fee Dotlich had yet to pay was the $50 administrative fee. (Tr. at 9.) The evidence most favorable to the judgment discloses that Heartland, by recovering late fees and attorneys' fees from Dotlich, already recovered the "costs of collection" and "reasonable attorney's fees and paraprofessional fees actually incurred[.]" (App. at 18.) Therefore, under the terms of the Declaration, nothing remains for Heartland to recover. Because Heartland's request for attorneys' fees of $795.10 and court costs hinges solely on the baseless $50 administrative fee, Heartland can recover neither additional attorneys' fees nor court costs. To the extent Heartland argues that sufficient evidence exists to support a finding in its favor, it asks us to reweigh the evidence, which we cannot do. City of Dunkirk Water & Sewage Dep't, 657 N.E.2d at 116.

**Conclusion**

The evidence most favorable to the judgment supports the trial court's conclusion that

---

[2] A restrictive covenant is an express contract between grantor and grantee that restrains the grantee's use of his land. Villas W. II of Willowridge Homeowners Ass'n, Inc. v. McGlothin, 885 N.E.2d 1274, 1278 (Ind. 2008), cert. denied.

[3] Any ambiguity in a contract is construed against its drafter. Smith Barney v. StoneMor Operating LLC, 953 N.E.2d 554, 558 (Ind. Ct. App. 2011), aff'd on rehearing, 959 N.E.2d 309 (Ind. Ct. App. 2011), trans. denied.

Dotlich does not owe Heartland the $50 "administrative fee," costs, or $795.10 in attorneys' fees. Therefore, the trial court's judgment for Dotlich is not clearly erroneous.

Affirmed.

RILEY, J., and CRONE, J., concur.