**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 09 2013, 8:50 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JAMES T. ROBERTS**
James T. Roberts, P.C.
Nashville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT HAMILTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 07A04-1209-SC-496 |
| | ) | |
| JERRY ABLITAR, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BROWN CIRCUIT COURT
The Honorable Judith A. Stewart, Judge
The Honorable Douglas E. Van Winkle, Magistrate
Cause No. 07C01-1112-SC-147

**April 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Robert Hamilton appeals a small claims court judgment finding him personally liable to Jerry Ablitar for damages to Ablitar's property stemming from Hamilton's logging activities on an adjacent tract and his unlawful trespass on Ablitar's property. The small claims court awarded Ablitar $6000 in damages, the maximum jurisdictional amount.

In this appeal, Hamilton challenges the small claims court's finding of personal liability, asserting that he was acting on behalf of his corporation, Hamilton Logging, Inc., and not in his personal capacity. He also challenges the court's calculation of damages. Finding no error, we affirm.

**Facts and Procedural History**

In December 2009, Hamilton Logging contracted with Ablitar's next-door neighbors the Grabenhofers to conduct a logging operation on the Grabenhofers' property. Hamilton personally conducted the work, and without Ablitar's consent, he placed his logging equipment on Ablitar's property and set up a logging yard there also. Hamilton's equipment blocked the driveway to Ablitar's barn. When Ablitar discovered the blockage and the damage being caused by Hamilton's equipment, he complained, and Hamilton gave Ablitar's wife a check for $1000. On the memo line, Hamilton wrote "use of property." Defendant's Ex. 7. Before she presented the check, Ablitar's wife struck the phrase and inserted "unauthorized" on the memo line. *Id.* Subsequently, Hamilton gave Ablitar a handwritten, signed memo stating in part, "We will restore yard and drive back to original condition. Paid $1000.00 for the inconve[n]ience." Plaintiff's Ex. 7.

2

After Hamilton completed the project, he left wood chips and debris on Ablitar's property. There was also damage in the form of deep ruts and mud from the heavy equipment. The logging operation also caused erosion on Ablitar's property.

In June 2010, a Hamilton Logging employee came to repair Ablitar's property. Instead of removing the wood and wood chips, he bulldozed the property, causing the debris to be covered under the soil. Ablitar objected and told Hamilton that he was no longer allowed to do the restoration work. Ablitar hired another contractor to restore the property at a cost of $6845.

Ablitar filed a small claims action against Hamilton personally, asserting unlawful trespass by Hamilton and requesting damages for the cost of restoring the property to its original condition. The small claims court took testimony from the parties and examined photographic and documentary evidence, including letters from some of Ablitar's neighbors. Thereafter, the court issued an order entering judgment against Hamilton, finding him personally liable for the jurisdictional limit of $6000 plus court costs of $90. Hamilton now appeals. Additional facts will be provided as necessary.

**Discussion and Decision**

Hamilton challenges the small claims court's judgment with respect to his personal liability and the calculation of damages. We review a small claims court's judgment using a particularly deferential standard in order to preserve its speedy and informal process for resolving small claims. *Heartland Crossing Found. v. Dotlich*, 976 N.E.2d 760, 762 (Ind. Ct. App. 2012). We will not set aside the small claims court's findings or judgment unless it is

clearly erroneous. *Id*. In conducting our review, we recognize that the small claims court is the sole judge of the evidence and the credibility of witnesses; as such, we neither reweigh evidence nor judge witness credibility. *Id*. A judgment is clearly erroneous where the record leaves us with a firm conviction that the small claims court has made a mistake and when the record contains no facts or reasonable inferences therefrom supporting it. *Dean v. Dean*, 785 N.E.2d 309, 310 (Ind. Ct. App. 2003).

Here, Ablitar has failed to file an appellee's brief. When the appellee fails to submit a brief, we need not undertake the burden of developing an argument on his behalf. Instead, we will reverse the small claims court's judgment if the appellant presents a case of prima facie error. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006). Prima facie error is error "at first sight, on first appearance, or on the face of it." *Id*. If the appellant is unable to meet this burden, we will affirm. *Id*.

## I. Personal Liability

Hamilton first asserts that because Hamilton Logging is incorporated, the small claims court erred in finding him personally liable to Ablitar. He apparently assumes that the trial court found him personally liable based on the doctrine of piercing the corporate veil.[1] However, we find his assumption to be incorrect. In its findings, the small claims court made it clear that it based its decision not on piercing the corporate veil, but on a shareholder/officer's liability for his *own* acts. The small claims court cited *State, Civil*

---

[1] As a general rule, shareholders are not personally liable for the *acts or debts of the corporation*; instead, they enjoy liability that is limited to their investment. *Aronson v. Price*, 644 N.E.2d 864, 867 (Ind. 1994). However, in certain circumstances, a court may pierce the corporate veil and impose personal liability on a shareholder in order to protect innocent third parties from fraud or injustice. *Id*.

4

*Rights Commission v. County Line Park, Inc.*, 738 N.E.2d 1044 (Ind. 2000), where our supreme court held two corporate shareholders/officers liable in their individual capacities based on their direct participation in an act constituting housing discrimination. In that case, Justice Rucker explained the law of personal liability as follows:

> [O]fficers and shareholders are generally not personally liable for the acts or contractual obligations of the corporation. It is true that an officer of a corporation is generally not personally liable for the torts of the corporation or other officers or agents merely because of her office. However, an officer is personally liable for the torts in which she has participated or which she has authorized or directed.

*Id*. at 1049-50 (citations and internal quotation marks omitted). In other words, a corporate officer who personally participates in a tortious act cannot escape liability for his own act by claiming that he was acting on behalf of the corporation. *Id*. at 1050.

Here, the small claims court made the following conclusion based on the holding in *County Line Park*: "Under the facts of this case the court finds that [Hamilton] is individually liable as an active and direct participant in the unlawful trespass and use of the [Ablitar's] land." Appellant's App. at 6. Simply put, Hamilton cannot hide behind the corporate structure to escape liability for his own tortious conduct. The doctrine of piercing the corporate veil is not implicated in the trial court's judgment, and Hamilton's argument to the contrary misses the mark. We conclude that the small claims court correctly based its liability finding on Hamilton's direct participation in the unlawful activity, and we therefore find no prima facie error in its conclusion that Hamilton was liable in his personal capacity.

5

## *II. Damages*

Hamilton also contends that the small claims court erred in failing to offset the damage award by $1000 to account for the sum he previously paid to Ablitar. We note that in his brief, he has failed to support this contention with any citation to authority or to the record as required by Indiana Appellate Rule 46(A)(8). *See* Ind. App. Rule 46(A)(8)(a) ("Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on[.]"). As such, he has waived this issue for consideration. *Supervised Estate of Williamson v. Williamson*, 798 N.E.2d 238, 242 (Ind. Ct. App. 2003).

Waiver notwithstanding, the proper measure of damages in a case involving temporary injury to real property is the cost of restoration. *Terra-Products, Inc. v. Kraft Gen. Foods*, 653 N.E.2d 89, 92 (Ind. Ct. App. 1995), *trans. denied*. The small claims court found that Ablitar's cost of restoration was $6845[2] and entered judgment against Hamilton for $6000.[3] Hamilton asserts that the small claims court should have offset the damage award by $1000

---

[2] This finding was supported by Plaintiff's Exhibit 23, an invoice from Charlesworth Construction for the cost of its services in restoring Ablitar's property. The services included installing a silt fence to prevent erosion; tilling and sifting one-half acre of field to remove large chunks and chips of wood; digging up and replacing a crushed drainage pipe; delivering three truckloads of topsoil to replace eroded and displaced soil; grading out topsoil over one-half acre to prepare for seeding; re-contouring drainage and replacing rip-rap to the creek; fixing erosion from drainage being redirected around the edge of the drive; and laying one load of crushed stone for the drive. *Id*.

[3] We note that although the trial court found Ablitar's actual damages to be $6845, it limited the judgment to the jurisdictional amount of $6000. *See* Ind. Code § 33-28-3-4(b)(1) (stating that small claims docket has jurisdiction over civil actions where amount sought or value of property sought to be recovered is not more than $6000).

to account for a previous payment he made to Ablitar, and that in failing to do so, the court gave Ablitar a windfall.

In making this argument, Hamilton mistakenly equates restoration costs with sums given to assuage the inconvenience to Ablitar. He admits that he made the previous $1000 payment to Ablitar for the inconvenience that his trespass had caused to Ablitar and his wife, He signed a memorandum in which he stated, "We will restore yard and drive back to original condition. Paid $1000.00 for the inconve[n]ience." Plaintiff's Ex. 7. Inconvenience is often associated with annoyance, such as when a landowner's activity results in a nuisance claim by his neighbor. *Travelers Indem. Co. v. Summit Corp. of America*, 715 N.E.2d 926, 937 n.14 (Ind. Ct. App. 1999). The inconvenience is not the condition itself but is associated with the consequences of the physical condition upon those situated in close proximity to that condition, i.e., rendering his property "not accessible or handy," "difficult or awkward" to use due to an "inopportune" condition. THE AMERICAN HERITAGE DICTIONARY 652 (2d college ed. 1991). Here, the inconvenience included Ablitar's loss of privacy as well as loss of use and access to various parts of his own property, i.e., driveways blocked by heavy machinery. In contrast, restoration costs address the physical condition of Ablitar's property after Hamilton vacated the property and the price that Ablitar was required to pay to have it restored to its previous condition.[4] The complete restoration of the property's physical

---

[4] Notably, Hamilton sent an employee to bulldoze Ablitar's property, ostensibly to restore it to its previous condition. Instead, the driver simply covered the wood and chips under the soil instead of handpicking them and removing them as promised. The small claims court found that Ablitar was justified in not allowing Hamilton Logging to continue the restoration work and in hiring another company to complete the work.

condition does not nullify the inconvenience that Ablitar previously suffered. Thus, Ablitar did not receive a windfall due to the previous inconvenience payment. As such, the trial court did not clearly err by not deducting from Ablitar's damage award the $1000 attributable to the inconvenience he suffered.

Based on the foregoing, we conclude that Hamilton has failed to establish prima facie error in the trial court's judgment finding him personally liable to Ablitar for $6000. Accordingly, we affirm.

Affirmed.

ROBB, C.J., and FRIEDLANDER, J., concur.