**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**THOMAS A. CHRISTOPHER**
Carol Stream, Illinois

ATTORNEY FOR APPELLEE:

**MATTHEW R. LAYDON**
Gambs Mucker & Bauman
Lafayette, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS A. CHRISTOPHER, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 79A05-1304-SC-214 |
| | ) | |
| MIKE RAISOR IMPORTS, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Gregory J. Donat, Judge
Cause No. 79D04-1303-SC-979

**January 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

Thomas A. Christopher appeals the small claims court's entry of judgment in favor of Mike Raisor Imports. We affirm.

ISSUE

Christopher raises four issues, which we consolidate and restate as: whether the evidence supports the court's judgment.

FACTS AND PROCEDURAL HISTORY[1]

At all times relevant to this case, Christopher owned a 2004 Audi A4 automobile. He allowed his son, Alex, to use the car at college.

In May 2011, Alex brought the Audi to Raisor for service, claiming that it was having difficulty shifting gears under certain circumstances. Raisor's technicians examined the car, determined that the transmission had several problems, and recommended that it be replaced. Raisor's technicians noted that Christopher had been notified of the diagnosis and "will not do any repairs." Def.'s Ex. B.[2]

Alex brought the Audi back to Raisor on October 7, 2011. Alex asked Raisor to check the transmission fluid level, and Raisor's technicians reported that it had checked his concern. Def.'s Ex. D. Alex also asked them to examine the transmission. After an examination, Raisor noted that the transmission seal was leaking and the "trans clutch

---

[1] Christopher has failed to file an Appellant's Appendix, in violation of Indiana Appellate Rule 49(A) ("The appellant shall file its Appendix with its appellant's brief."). The transcript and the Appellee's Appendix contain sufficient documents to allow us to resolve this appeal.

[2] The exhibits are included in the volume of trial testimony and are not consecutively paginated.

2

packs" were damaged. *Id.* Raisor again recommended that the transmission be replaced. *Id.* Again, Christopher declined to authorize replacement of the transmission.

On October 25, Alex had the Audi towed to Raisor. On that date, Alex informed Raisor that he believed the "transmission went out" because the car would drive backward but not forward. Def.'s Ex. F. Raisor examined the car and concluded for a third time that the transmission needed to be replaced, noting the "clutches [were] burnt." *Id.*

Christopher subsequently took the car to another mechanic, who replaced the transmission, as had been earlier recommended by Raisor. Christopher sued Raisor in small claims court. After an evidentiary hearing, the court issued a judgment in favor of Raisor. This appeal followed.

## DISCUSSION AND DECISION

Christopher claims that the small claims court erred because Raisor's negligent maintenance of the Audi caused it to sustain damage. A small claims court's judgment "shall be subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Where, as here, the court rules against the party with the burden of proof, it enters a negative judgment that we may not reverse for insufficient evidence unless it is clearly erroneous. *Heartland Crossing Found. v. Dotlich*, 976 N.E.2d 760, 762 (Ind. Ct. App. 2012). Clear error occurs when the evidence is without conflict and leads to but one conclusion, but the court reached a different conclusion. *Id.*

When a court determines the facts in a bench trial, we give due regard to the opportunity of the court to assess witness credibility. *Kalwitz v. Kalwitz*, 934 N.E.2d 741,

748 (Ind. Ct. App. 2010). Thus, in determining whether a judgment is clearly erroneous, we do not reweigh the evidence or determine the credibility of witnesses but consider only the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. *Hawa v. Moore*, 947 N.E.2d 421, 426 (Ind. Ct. App. 2011).

Here, evidence presented at the bench trial indicated that after examining the car, Raisor told Christopher in May 2011 and again on October 7, 2011 that the "trans clutch packs" were damaged and the Audi's transmission needed to be replaced. Def.'s Exs. B, D. Christopher declined to authorize replacement on both occasions.

On or about October 25, 2011, the Audi experienced a catastrophic breakdown. Upon examination, it was revealed that the "clutches [were] burnt." Def.'s Ex. F. A reasonable trier of fact could reasonably infer from this evidence that Raisor's technicians had twice correctly diagnosed the problem in May and on October 7, and when the Audi's transmission failed on or about October 25, resulting in damage to the car, the failure was caused by Christopher's prior refusals to replace the transmission.

Christopher argues that the transmission breakdown was caused by Raisor's failure to ensure that the Audi had an appropriate amount of transmission fluid. Raisor's service manager testified that Christopher's son did not raise that concern until the October 7, 2011 service visit. At that time, Raisor's technicians determined that the transmission seal was leaking and recommended replacement, but Christopher declined to authorize the repair. In any event, Raisor's service manager further testified that the transmission was already so damaged as to require replacement at the time of the May and October 7 service visits and that the level of the transmission fluid would not have

4

affected the situation. Christopher's citation to evidence to prove otherwise is an impermissible request to reweigh the evidence. We cannot say that the evidence is without conflict and leads to but one conclusion, and the court reached a different, erroneous conclusion.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the small claims court.

Affirmed.

BAILEY, J., and BARNES, J., concur.