## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 23 2020, 9:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Adam J. Sedia
Edward W. Hearn
Johnson & Bell, P.C.
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dawn Iseminger and Scott Iseminger, <br><br> *Appellants-Defendants/Counter-Plaintiffs,* <br><br> v. <br><br> Monique Johnson, <br><br> *Appellee-Plaintiff/Counter-Defendant* | October 23, 2020 <br><br> Court of Appeals Case No. 20A-SC-659 <br><br> Appeal from the Porter Superior Court <br><br> The Honorable Jeffrey L. Thode, Judge <br><br> The Honorable Lisa A. Moser, Commissioner <br><br> Trial Court Cause No. 64D06-1801-SC-260 |

**May, Judge.**

[1] Dawn Iseminger and Scott Iseminger (collectively, "the Isemingers") appeal the denial of their motion to correct error. We affirm.

# Facts and Procedural History

The Isemingers rented an apartment in Portage to Monique Johnson from November 30, 2016, until November 30, 2017.  Prior to moving into the apartment, Johnson paid the Isemingers a security deposit of $840.00.  The lease stated:

> The Lessor is authorized to charge any damages occasioned by the Lessee not fully performing any of the terms or conditions of the Contract against said security deposit.  At the expiration of this lease or any renewal thereof, any unused portion of the deposit shall be returned to the Lessee.  NO PORTION OF THE SECURITY DEPOSIT SHALL BE RETURNED IF THE LESSEE OCCUPIES THE LEASED PREMISES FOR LESS THAN THE ORIGINAL TERM OF THIS AGREEMENT.
>
> * * * * *
>
> Within 30 days prior to the expiration of this agreement Lessee shall give Lessor written notice of their intent to vacate property or make a request for continuation of lease.

(App. Vol. II at 17, 20) (emphasis in original).  On November 2, 2017, Johnson sent a text message to Dawn Iseminger stating, "Hi I'm not renewing my lease.  I'm purchasing a home and my projected closing date is the 17th.  If closing is later and goes into Dec and I need another month, will that be a problem?"  (*Id.* at 23.)  Dawn Iseminger responded, "That's fine."  (*Id.*)  On November 15, 2017, Johnson sent another text message to Dawn Iseminger stating, "I close Monday, will have the keys for you 11/30."  (*Id.*)  Johnson returned the

apartment keys to the Isemingers on November 30, 2017, the last day of the lease term.

[3]     On January 7, 2018, the Isemingers sent Johnson a letter stating:

> Please note that per our lease agreement, you are required to give a 30-day written notice of intent to vacate. On November 15th of 2017 you notified me of your intent to vacate on November the 30th of 2017; thus not giving a 30-day notice of intent to vacate is a violation of the terms of the lease.
>
> Further, the normal wear and tear that is to be expected was exceeded. The cabinets were not cleaned of grime, as well as the refrigerator was not cleaned of grime as required by the terms of the lease and Indiana law.
>
> Further, the bathroom was not cleaned, the carpet in the living room and bedrooms were not vacuumed or professionally cleaned, thus turning the property over to us in its original state. There was found to be cracked ceramic tile in the hall and the dining area; and as you know the tile was brand new prior to your lease.
>
> For these reasons, we are returning $0 of your security deposit.

(App. Vol. II at 22) (errors in original) (internal spacing modified).

[4]     On January 25, 2018, Johnson filed a notice of claim seeking a return of her security deposit. The Isemingers filed a counterclaim against Johnson seeking $1,106.70 for alleged additional physical damages to the apartment. The trial court held a bench trial on June 28, 2018. On July 26, 2018, the trial court entered judgment in favor of Johnson on her claim for a return of her security

deposit. The trial court also entered judgment in favor of Johnson on the Isemingers' counterclaim.

[5] On August 27, 2018, the Isemingers filed a motion to correct error arguing the trial court's judgment was against the greater weight of the evidence. The trial court held a hearing on the motion to correct error. During the hearing, the judge discovered a conflict of interest, continued the hearing, and ordered the case transferred to a special judge. On December 9, 2019, Johnson filed a motion seeking a hearing on the Isemingers' motion to correct error. The trial court held a hearing on the Isemingers' motion to correct error on February 6, 2020, and the trial court denied the Isemingers' motion on February 13, 2020.

# Discussion and Decision

[6] Initially, we note Johnson did not file an appellee brief. Therefore, we will not develop arguments on her behalf and will reverse if the Isemingers demonstrate prima facie error. *WindGate Properties, LLC v. Sanders*, 93 N.E.3d 809, 813 (Ind. Ct. App. 2018). "Prima facie, in this context, means at first sight, on first appearance, or on the face of it." *Id*. Nonetheless, we must still correctly apply the law to the facts in the record to determine if reversal is required. *Id*.

[7] The Isemingers argue the trial court erred in denying their motion to correct error because the trial court's judgment awarding Johnson a full refund of her

security deposit was contrary to the evidence presented at trial.[1]  We generally review a trial court's ruling on a motion to correct error for an abuse of discretion.  *Ind. Bureau of Motor Vehicles v. Watson*, 70 N.E.3d 380, 384 (Ind. Ct. App. 2017).  An abuse of discretion occurs if the trial court misinterpreted the law or if the court's ruling is against the facts and circumstances before it.  *Id.*

[8]     Our review of the trial court's ruling on the Isemingers' motion to correct error necessarily involves review of the underlying order.  *See In re Paternity of H.H.*, 879 N.E.2d 1175, 1177 (Ind. Ct. App. 2008) (review of motion to correct error includes review of underlying order).  "Our standard of review in small claims cases is particularly deferential in order to preserve the speedy and informal process for small claims."  *Heartland Crossing Foundation, Inc. v. Dotlich*, 976 N.E.2d 760, 762 (Ind. Ct. App. 2012).  We do not reweigh the evidence; nor do we assess the credibility of the witnesses.  *Id.*

[9]     However, the burden of proof in a small claims civil lawsuit is the same as the burden in a civil action not on the small claims docket.  *Harris v. Lafayette LIHTC, LP*, 85 N.E.3d 871, 876 (Ind. Ct. App. 2017).  We will affirm a judgment in favor of the party bearing the burden of proof "if the evidence was such that from it a reasonable trier of fact could conclude that the elements of the party's claim were established by a preponderance of evidence."  *Eagle Aircraft, Inc., v. Trojnar*, 983 N.E.2d 648, 657 (Ind. Ct. App. 2013).  A small

---

[1] The Isemingers do not challenge the trial court's judgment in favor of Johnson on their counterclaim.

claims court is not required to enter special findings along with its judgment. *Wynne v. Burris*, 105 N.E.3d 188, 192 (Ind. Ct. App. 2018). In reviewing such a judgment, we presume the trial court followed the law, and we may affirm based on any legal theory supported by the evidence. *Rea v. Shroyer*, 797 N.E.2d 1178, 1181 (Ind. Ct. App. 2003).

[10] The Isemingers argue Johnson violated the terms of the lease and they complied with Indiana law in notifying Johnson of their intent to withhold her entire security deposit. However, while the Isemingers' letter to Johnson listed some physical damages, the letter did not specify estimated costs for repairing the damage. The letter also failed to explain what portion of Johnson's security deposit was withheld for physical damages and what portion of the deposit was withheld because of Johnson's untimely notice to vacate. Indiana Code section 32-31-3-12 provides:

> (a) Upon termination of a rental agreement, a landlord shall return to the tenant the security deposit minus any amount applied to:
>
> > (1) the payment of accrued rent;
> >
> > (2) the amount of damages that the landlord has suffered or will reasonably suffer by reason of the tenant's noncompliance with law or the rental agreement; and
> >
> > (3) unpaid utility or sewer charges that the tenant is obligated to pay under the rental agreement;

all as itemized by the landlord with the amount due in a written notice that is delivered to the tenant not more than forty-five (45) days after termination of the rental agreement and delivery of possession. The landlord is not liable under this chapter until the tenant supplies the landlord in writing with a mailing address to which to deliver the notice and amount prescribed by this subsection. Unless otherwise agreed, a tenant is not entitled to apply a security deposit to rent.

(b) If a landlord fails to comply with subsection (a), a tenant may recover all of the security deposit due the tenant and reasonable attorney's fees.

(c) This section does not preclude the landlord or tenant from recovering other damages to which either is entitled.

In *Klotz v. Hoyt*, two tenants ceased making rent payments after a month and a half, and the landlord sued the tenants seeking eviction. 900 N.E.2d 1, 2 (Ind. 2009). The trial court ordered eviction and set the matter for a damages hearing. *Id.* The landlord withheld the tenants' security deposit, but he did not send any notice to the tenants informing them of his intention not to return the security deposit. *Id.* At the damages hearing, the landlord sought recovery for unpaid rent, late fees, damages to the premises, and attorney fees. *Id.* at 2-3. The trial court ruled against the landlord and ordered the landlord to return the tenants' security deposit. *Id.* at 3.

On appeal, our Indiana Supreme Court held

> that a landlord's failure to provide to the tenant a timely and adequate notice of damages under Sections 12 through 16 of

> Indiana Code § 32-31-3 precludes the landlord only from recovering damages for physical harm to the rented premises and does not bar the landlord from seeking unpaid rent and other damages.

*Id*. at 5. Therefore, the court explained, the landlord was precluded from withholding the security deposit to recover claimed physical damages to the property. *Id*. at 6. Like the landlord in *Klotz*, the Isemingers failed to itemize any physical damages in their January 7, 2018, letter to Johnson, and therefore, Johnson was entitled to a refund of whatever portion of her security deposit was withheld for physical damages.

[13] Johnson occupied the apartment for the entire twelve-month term covered by the lease, and the Isemingers are not claiming Johnson failed to pay her rent during that time. Johnson did untimely notify the Isemingers of her intent to vacate by telling them on November 2, rather than October 31, of her intent not to renew her lease. However, a reasonable trier of fact could conclude the Isemingers did not incur any damages because of Johnson's minimally late notice and Johnson thus was entitled to a full refund of her security deposit.

[14] Scott Iseminger testified that he was unable to rent Johnson's former apartment for a month after she vacated the apartment, but the Isemingers failed to put forth any evidence of interested tenants they had to turn away. The Isemingers' argument that Johnson's untimely notice is to blame for their own failure to rent the apartment to a new tenant is nothing more than a request for us to reweigh the evidence, which we will not do. Therefore, we affirm the trial

court.  *See Jasinski v. Brown*, 3 N.E.3d 976, 979 (Ind. Ct. App. 2013) (holding appellant's challenge to small claims court's valuation of vehicle was a request to reweigh the evidence, which the appellate court will not do).

# Conclusion

The trial court did not abuse its discretion in denying the Isemingers' motion to correct error.  The Isemingers violated Indiana Code section 32-31-3-12 because they failed to notify Johnson of the cost of repairs to damaged apartment property, and a reasonable trier of fact could determine the Isemingers did not suffer any damages as a result of Johnson's two-day tardy notice of her intention not to renew the lease.  Therefore, we affirm the trial court.

Affirmed.

Riley, J., and Altice, J., concur.