


**FILED**
Aug 18 2025, 8:55 am
**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

I N  T H E

# Court of Appeals of Indiana

Kurt Williams,

*Appellant-Plaintiff*

v.

Karin Kirch,

*Appellee-Defendant*

August 18, 2025

Court of Appeals Case No.
25A-SC-196

Appeal from the Marion County Small Claims Court

The Honorable Kimberly J. Bacon, Judge

Trial Court Cause No.
49K03-2409-SC-1576

**Opinion by Judge Vaidik**
Judges Tavitas and Felix concur.

**Vaidik, Judge.**

# Case Summary

Kurt Williams appeals the small-claims court's judgment for Karin Kirch. He argues that the judgment is contrary to law and that the court erred in ordering him to pay attorney's fees. We affirm on both issues.

We also take this opportunity to remind pro se litigants and attorneys of the dangers of using artificial intelligence (AI) to conduct legal research. Generative AI can produce citations to non-existent authorities, and we caution litigants to verify citations before including them in briefs.

# Facts and Procedural History

In 2024, Williams, pro se, brought a small-claims action against Kirch, his ex-girlfriend. Williams sought the return of certain property and $8,000 in damages "for the pain and suffering, emotional distress, and expenses for having to pursue this matter." Appellee's App. Vol. II p. 6. The disputed property included "a baseball cap, a bottle opener, a case of Fresca Mixed Vodka Spritz variety pack, a coffee mug, a Gazelle electric bike and other items." *Id.*

At trial, Williams increased his damage claim to $10,000. He claimed that Kirch also had a case of water that belonged to him. Kirch returned the bottle opener, baseball cap, and mug to Williams in court. As for the bike, Williams acknowledged that Kirch paid for it but claimed she bought it for him as a gift.

Kirch testified differently. She stated that she bought the bike "as a spare" for friends and family to ride, not just for Williams. Tr. p. 73. She also testified that she wasn't aware of the case of water, and she'd thrown the Fresca spritzers away before Williams asked for them.

After trial, Kirch requested $3,611.28 in attorney's fees and expenses on the ground that Williams's claims were frivolous, unreasonable, groundless, and litigated in bad faith. The small-claims court entered judgment for Kirch and ordered Williams to pay $650 of her attorney's fees.

Williams, pro se, now appeals.

# Discussion and Decision

## I. The judgment is not contrary to law

Williams first contends the small-claims court erred in entering judgment for Kirch. Because Williams had the burden of proof at trial, he is appealing from a negative judgment and therefore must establish that the judgment is contrary to law. *Cnty. of Lake v. Pahl*, 28 N.E.3d 1092, 1099 (Ind. Ct. App. 2015); *see also Heartland Crossing Found., Inc. v. Dotlich*, 976 N.E.2d 760, 762 (Ind. Ct. App. 2012) (applying negative-judgment standard to small-claims action). A judgment is contrary to law only when the evidence is without conflict and all reasonable inferences to be drawn from the evidence lead to only one conclusion, yet the court reached a different conclusion. *Pahl*, 28 N.E.3d at 1099. The evidence here is not without conflict. Kirch returned the bottle

opener, baseball cap, and mug at trial, so at that point, the only items at issue were the case of water, Fresca spritzers, and bike. Williams brought up the case of water for the first time at trial. He testified that he'd left the water on Kirch's boat, but Kirch said she wasn't aware of it and hadn't seen it on her boat. Williams claimed Kirch threw away the Fresca spritzers even though "she knew [he] was asking for them," but Kirch testified that she "got rid of them before [he] asked for them back." Tr. pp. 49, 61. And while Williams contended Kirch bought the bike for him as a gift, Kirch testified that she bought it as a "spare" for friends and family to ride and that although Williams used it, "it was never [her] intent that he would keep the bike if [they] broke up." *Id.* at 73. Given the conflicts in the evidence, the judgment is not contrary to law.

## II. The court's award of attorney's fees was proper

[8] Williams next contends the court erred in ordering him to pay attorney's fees. The court may award attorney's fees as part of the cost to the prevailing party if it finds that the opposing party (1) brought a frivolous, unreasonable, or groundless claim; (2) continued to litigate the action after its claim clearly became frivolous, unreasonable, or groundless; or (3) litigated the action in bad faith. Ind. Code § 34-52-1-1(b). Because this statute is written in the disjunctive, the court need only find that one of the grounds is satisfied to justify an award of attorney's fees. *Kitchell v. Franklin*, 26 N.E.3d 1050, 1059 (Ind. Ct. App. 2015), *trans. denied*. Where, as here, the court awards attorney's fees without entering findings of fact, we review the court's legal conclusion—that a party litigated in bad faith or pursued a frivolous, unreasonable, or groundless

claim—de novo. *S. Ind. Propane Gas, Inc. v. Caffrey*, 56 N.E.3d 1216, 1220 (Ind. Ct. App. 2016). We review the court's decision to award attorney's fees and the amount thereof for an abuse of discretion. *Techna-Fit, Inc. v. Fluid Transfer Prods., Inc.*, 45 N.E.3d 399, 418 (Ind. Ct. App. 2015).

[9] Williams argues his suit "was not frivolous, groundless nor brought in bad faith" because Kirsch returned the property at trial and admits she threw away the Fresca spritzers. Appellant's Br. pp. 9, 11. But in making this argument, Williams doesn't acknowledge his claim for $10,000 in damages "for the pain and suffering, emotional distress, and expenses for having to pursue this matter." Williams hasn't shown that his damages claim was reasonable or well-founded.

[10] Williams's itemization of his damages shows the unreasonableness of his claims. He lists "Event[s]" such as text and email exchanges, meetings with Kirsch, court dates, and "Trial prep." *See* Exs. 28, 29. He values his time for these events at $250 an hour and tacks on additional costs to each event for "Pain and suffering" without explaining how he came to these amounts. *Id.* And he doesn't identify any authority under which he would be entitled to recover these costs as damages. The small-claims court did not err in concluding that Williams's claims were frivolous, unreasonable, and groundless. Nor did the court abuse its discretion in ordering Williams to pay $650 in attorney's fees—a fraction of the $3,611.28 Kirsch incurred defending against this action.

## III. Warning regarding AI-generated citations

We must address a troubling aspect of Williams's brief. He cites several "cases" in his opening brief that do not exist. *See* Appellant's Br. pp. 11 ("*Davis v. United States*, 569 U.S. 764 (2013)"), 12 ("Bourne v. Scarborough (IN 2014)"), 17 ("In re Marriage of Nigh, 2016 IL App (5th) 150274"). As Kirch suggests, this may be the result of the use of "generative artificial intelligence," which can produce fictitious case citations. *See Mid Cent. Operating Eng'rs Health & Welfare Fund v. HoosierVac LLC*, No. 2:24-cv-326, 2025 WL 1511211, at *1 (S.D. Ind. May 28, 2025). Despite Kirch identifying these nonexistent citations, Williams provides no explanation for them in his reply brief.

Citations to fictitious, AI-generated authority is a growing problem nationwide. Courts have sanctioned both attorneys and pro se litigants for including them in briefs. *See id.* at *2; *Kruse v. Karlen*, 692 S.W.3d 43 (Mo. Ct. App. 2024), *reh'g denied*, *trans. denied*. But because Kirch does not request any sanction or relief for this conduct, we find it sufficient to admonish Williams for citing fictitious cases in his brief. We caution attorneys and pro se litigants alike against using AI to conduct legal research without independently verifying the citations generated. Judges must be able to rely on the authenticity of the authorities cited by the parties to make just decisions.

Affirmed.

Tavitas, J., and Felix, J., concur.

APPELLANT, PRO SE

Kurt Williams
Indianapolis, Indiana


ATTORNEY FOR APPELLEE

Jeremy L. Fetty
Parr Richey Frandsen Patterson Kruse LLP
Indianapolis, Indiana