CRONE, Judge,
concurring in part and dissenting in part.
I concur in the majority’s disposition of Resnover’s appeal. Indiana Code Section 84 — 28—2—2.5(a)(3) requires only a valid Indiana driver’s license number or Indiana identification card number, the former of which Resnover apparently has and thus may use to petition for a name change.
As for Herron, I respectfully disagree with the majority’s interpretation of “if applicable” in Indiana Code Section 34-28-2-2(a)(l) and therefore disagree with its conclusion that Herron is “relieved from the necessity to produce the documents” specified in Indiana Code Section 34-28-2-2.5. Op. at 676. Like the State, I believe that this interpretation “gut[s] the statute and improperly make[s] the requirements of subsection 2.5 merely discretionary.” Amicus Br. at 9.
“Statutes relating to the same general subject matter ‘are in pari materia [on the same subject] and should be construed together so as to produce a harmonious statutory scheme.’ ” Klotz v. Hoyt, 900 N.E.2d 1, 5 (Ind.2009) (quoting Sanders v. State, 466 N.E.2d 424, 428 (Ind.1984)). “The legislature is presumed to have intended the language used in the statute to
be applied logically and not to bring about an unjust or absurd result.” Bd. of Comm’rs of Hendricks Cnty. v. Town of Plainfield, 909 N.E.2d 480, 489-90 (Ind.Ct.App.2009). In my view, a plain reading of both statutes indicates that the “if applicable” in Indiana Code Section 34-28-2-2(a) refers to the age requirement of Indiana Code Section 34-28-2-2.5(a) and not to the information required by that statute. In other words, if a person petitioning for a name change is at least seventeen years of age, then Indiana Code Section 34-28-2-2.5 is applicable, and therefore the petition “must” include all of the information required by that statute pursuant to both Indiana Code Section 34-28-2-2(a) and Indiana Code Section 34-28-2-2.5(a). And, absent any legislative indication to the contrary, “must” means “must.”[5]
According to Indiana Code Section 34-28-2-2.5(a)(3), a petition for name change “must” include the person’s valid Indiana driver’s license number or Indiana identification card number.[6] I respectfully disagree with the majority’s unsupported assertion that Herron “will never be able to amend the name on his birth certificate, a mandatory prerequisite to establish the identity for receiving an Indiana driver’s license or identification card.” Op. at 675. The State suggests (and Herron himself does not deny) that he could use his birth certificate “to obtain legitimate documentation of residency and address” and correct the name on his social security card to reflect his birth certificate name (which, although unusual, is not alleged to be legally deficient in any way). Amicus Br. at 16. He could then use those documents to obtain an Indiana driver’s license or identi *678 fication card bearing his birth certificate name and petition for a name change. If the petition is granted, he could obtain new official documents bearing his familiar name. Herron’s suggestion that this procedure would unduly burden any of his constitutional rights is unsupported by relevant legal authority and therefore unconvincing. In sum, then, I would affirm the denial of Herron’s petition for name change.

. The majority uses the word "shall,” which does not appear in either statute.

. If Herron once had an Indiana identification card, as his equivocal testimony suggests, and if the number on that card was valid, then he could satisfy Indiana Code Section 34-28-2-2.5(a)(3).