## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 21 2018, 10:52 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

Antone Atkins
Henryville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Antone Atkins, | November 21, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 18A-SC-126 |
| v. | Appeal from the Clark Circuit Court |
| Leroy Guthrie, | The Honorable Kenneth R. Abbott, Magistrate |
| *Appellee-Plaintiff.* | Trial Court Cause No. 10C01-1711-SC-1545 |

**Pyle, Judge.**

## Statement of the Case

[1] Antone Atkins ("Atkins"), pro se, appeals the small claims court's judgment entered after Atkins' landlord, Leroy Guthrie ("Guthrie"), filed a notice of eviction against Atkins and sought unpaid rent. Atkins challenges the small

claims court's order, which granted possession of the premises to Guthrie and entered judgment against Atkins for past due rent in the amount of $6,000.00. Concluding that Atkins' challenge is nothing more than a request to reweigh the evidence, we affirm the small claims court's judgment.

We affirm.

# Issue

Whether the small claims court erred by entering judgment against Atkins.

# Facts

On June 3, 2008, Atkins and Guthrie entered into a one-year lease agreement in which Atkins agreed to pay Guthrie $650.00 per month to rent Guthrie's property ("the rental property"). After the lease expired, the parties proceeded with a month-to-month tenancy.[1] In October 2015, Guthrie moved out of the rental property, but he did not provide written notification to Guthrie to inform him that he was leaving nor did he surrender the keys to Guthrie. Instead, Atkins' sister, who had been living with him, continued to live in the rental property. Atkins' sister did not have a lease agreement with Guthrie, and Atkins continued to make automated rental payments to Guthrie. At some

---

[1] *See* IND. CODE § 32-31-1-2 (explaining that "[a] general tenancy in which the premises are occupied by the express or constructive consent of the landlord is considered to be a tenancy from month to month").

point, another of Atkins' family members moved into the rental property, again without any lease agreement with Guthrie.

[4]     In November 2017, Guthrie filed, in the small claims court, a notice of eviction against Atkins and sought unpaid rent of more than $7,000.00.  Thereafter, Atkins filed a motion to dismiss the notice of eviction.  Atkins argued that he was no longer a tenant because he had moved out of the rental property in October 2015.[2]  Additionally, he asserted that Guthrie was not entitled to any unpaid rent or damages because Guthrie, contrary to INDIANA CODE § 32-31-3-14, had not sent Atkins a statutorily-required itemized list of damages within forty-five days of Atkins terminating his tenancy in October 2015.

[5]     In December 2017, the small claims court held an eviction hearing.  During the hearing, the small claims court reviewed the lease agreement and discussed it with the parties.[3]  Guthrie also offered the court financial statements regarding Atkins' payments or lack thereof.  The testimony during the hearing revealed the facts as stated above.  Atkins' defense, as was raised in his motion to dismiss, was that Guthrie was not entitled to judgment and damages because: (1) Atkins had moved out of the rental property in October 2015 and was,

---

[2] Atkins' motion indicated that he had moved out in October 2014; however, during trial, he clarified that he had actually moved out in October 2015.

[3] Atkins did not include a copy of the lease agreement in his Appellant's Appendix.  "[T]he duty of presenting a record adequate for intelligent appellate review on points assigned as error falls upon the appellant."  *Bambi's Roofing, Inc. v. Moriarty*, 859 N.E.2d 347, 352 (Ind. Ct. App. 2006).  *See also* Ind. Appellate Rule 50(A).  To the extent that Atkins relies on the lease, it was incumbent upon him to assure that the lease was offered and admitted into evidence during the hearing, and thus, made part of the record on appeal.

therefore, no longer a tenant; and (2) once Atkins had stopped occupying the rental property in October 2015, Guthrie was then required to, but had not provided, him with an itemized list of damages as set out in the security deposit statute.[4]

[6]     At the end of the hearing, the small claims court stated that it would enter an order of possession to Guthrie, and it explained to Atkins that it was rejecting his defense because he had not provided proper notice to terminate the month-to-month tenancy in October 2015. The small claims court stated:

> Okay. You [Atkins] want me to believe that you terminated this lease and he [Guthrie] agreed to it. He tells me he didn't agree to it. It should have been in writing. It wasn't in writing. So if he tells me it wasn't agreed to and you tell me it was agreed to, then there's no agreement. That means the written agreement covers the situation. He received payments from you. If you had wanted to terminate this lease, you would have given him written notice that I'm terminating the lease and I'm surrendering possession to you and here are the keys. The proper way to terminate your responsibility on this is not to let someone else move in and you move out and then let some other person move in, and then him continue to get payments from you. He didn't get payments from her because he has no agreement with her. He didn't get payments from this other person because he, not only has no agreement for them to pay money, there's not even an agreement for that person to even be there. So, you're the person responsible under the lease. You had the right, under the lease, to terminate it the correct way, and you can't come in today, after you move out years ago and say, oh, I'm not a tenant

---

[4] *See* IND. CODE § 32-31-3-14.

because the definition of a tenant is someone in possession and I'm not in possession. That means somebody at the beginning. Doesn't mean somebody at the end. You can't be sued for eviction and say, well, I moved out three (3) weeks ago, so I'm not a tenant, so you can't sue me. It doesn't work that way, okay. So you're going to be responsible for whatever money is owed because you have a lease that says you're going to be responsible.

(Tr. 17-18). Thereafter, the small claims court entered a written order, granting possession of the premises to Guthrie and entering judgment against Atkins for past due rent in the amount of $6,000.00.[5] Atkins now appeals.

# Decision

Atkins appeals from the small claims court's judgment entered against him.

> Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Under Indiana Trial Rule 52(A), the clearly erroneous standard applies to appellate review of facts determined in a bench trial with due regard given to the opportunity of the trial court to assess witness credibility. This "deferential standard of review is particularly important in small claims actions, where trials are' informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law.'" *City of Dunkirk Water & Sewage Dep't v. Hall*, 657 N.E.2d 115, 116 (Ind. 1995) (quoting S.C.R. 8(A)).

---

[5] The trial court's order noted that Guthrie had waived his right to claim any damages above the statutory limit of $6,000.00.

*Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1067-68 (Ind. 2006). Guthrie did not file an appellee's brief. In such a situation, we will reverse the small claims court's judgment only if Atkins presents a case of prima facie error, which is defined as, "at first sight, on first appearance, or on the face of it." *Id.* at 1068 (Ind. 2006) (internal quotation marks and citation omitted).

[8] Initially, we note that Atkins proceeds pro se in this appeal. "It is well settled that pro se litigants are held to the same legal standards as licensed attorneys." *Basic v. Amouri*, 58 N.E.3d 980, 983 (Ind. Ct. App. 2016), *reh'g denied*. "This means that pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so." *Id.* at 983-84. "We will not become an advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood." *Id.* at 984.

[9] Atkins challenges the small claims court's determination that Atkins had not provided proper notice to terminate the month-to-month tenancy in October 2015. The evidence presented during the hearing reveals that after Atkins moved out of the rental property, he did not provide written notice to Guthrie nor did he surrender the keys to him. Instead, Atkins continued to make automated rental payments to Guthrie while he let his sister continue to live in the property. Atkins argument is nothing more than a request to reweigh the evidence and the credibility of witnesses, which we will not do. *See Trinity Homes*, 848 N.E.2d at 1067.

[10] We also reject Atkins' argument that Guthrie was not entitled to unpaid rent because he had failed to comply with the security deposit statutes, and we reject his reliance on *Skiver v. Brighton Meadows*, 585 N.E.2d 1345, 1347 (Ind. Ct. App. 1992) because this case was abrogated by *Klotz v. Hoyt*, 900 N.E.2d 1, 5 (Ind. 2009). In *Klotz*, our supreme court held that "a landlord's failure to provide to the tenant a timely and adequate notice of damages under Sections 12 through 16 of Indiana Code § 32-31-3 precludes the landlord only from recovering damages for physical harm to the rented premises and does not bar the landlord from seeking unpaid rent and other damages." *Klotz*, 900 N.E.2d at 5. Accordingly, Atkins' argument is without merit, and we affirm the small claims court's judgment.

[11] Affirmed.

Najam, J., and Crone, J., concur.